NOT DESIGNATED FOR PUBLICATION

No. 115,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFF EASTER,
SHERIFF OF SEDGWICK COUNTY, KANSAS,
*Appellant*,

v.

SEDGWICK COUNTY, KANSAS,
SHERIFF'S CIVIL SERVICE BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 3, 2017. Reversed and remanded.

*J. Steven Pigg*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, for appellant.

*David G. Crockett*, of Crocket & Gilhousen, of Wichita, for appellee Sedgwick County, Kansas, Sheriff's Civil Service Board.

*Holly A. Dyer*, of Foulston Siefkin LLP, of Wichita, for appellee Timothy Rickstrew.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: Sedgwick County Sheriff Jeff Easter appeals from the district court's decision dismissing his appeal from a Sedgwick County Sheriff's Civil Service Board's decision for lack of jurisdiction. Sheriff Easter had previously terminated Deputy Timothy Rickstrew as an employee of the Sheriff's Department. The Civil Service Board, however, reinstated the deputy, and Sheriff Easter filed a notice of appeal with the Board.

1

In addition, Sheriff Easter filed a "Petition for Judicial Review and Appeal (Proceeding pursuant to Chapter 60, K.S.A. 60-2101(d))" in the Sedgwick County District Court. Although the notice of appeal named Deputy Rickstrew as a party, the petition did not include him in the case caption. The district court dismissed the petition for lack of jurisdiction based on his failure to list the deputy as a party. On appeal, Sheriff Easter argues that the district court erred in dismissing his appeal for lack of jurisdiction. Because we find that Sheriff Easter obtained appellate jurisdiction pursuant to K.S.A. 60-2101(d) upon timely filing his notices of appeal with the Civil Service Board, we reverse the district court's dismissal and remand this action for further proceedings.

FACTS

Sheriff Easter terminated Deputy Rickstrew, who was a longtime employee of the Sedgwick County Sheriff's Office, from his employment on June 26, 2015. In response, Deputy Rickstrew timely filed a grievance with the Sedgwick County Sheriff's Civil Service Board. On September 10, 2015, the Board issued a decision in the case of "Timothy Rickstrew vs. Jeff Easter, Sedgwick County Sheriff." Evidently, neither party was satisfied with the decision because Sheriff Easter filed a notice of appeal with the Civil Service Board and Deputy Rickstrew filed a posthearing grievance.

The notice of appeal filed by Sheriff Easter on October 6, 2015, was captioned: "*Timothy Rickstrew vs. Jeff Easter, Sedgwick County Sheriff*." On the same date, Sheriff Easter filed a "Petition for Judicial Review and Appeal (Proceeding pursuant to Chapter 60, K.S.A. 60-2101(d))" in Sedgwick County District Court. The petition, however, was captioned: "*Jeff Easter, Sheriff of Sedgwick County, Kansas, vs. Sedgwick County, Kansas, Sheriff's Civil Service Board*." It appears from the record that Deputy Rickstrew was served by Sheriff Easter with copies of both the notice of appeal and the petition for judicial review. Additionally, Sheriff Easter attached a copy of the notice of appeal that he had filed with the Civil Service Board to the petition for judicial review.

2

On October 9, 2015, the Civil Service Board issued a decision on Deputy Rickstrew's posthearing grievance. On October 20, 2015, Sheriff Easter filed an amended notice of appeal with the Civil Service Board. Once again, the amended notice of appeal was captioned: "*Timothy Rickstrew vs. Jeff Easter, Sedgwick County Sheriff*," and was served on Rickstrew. On the same day, Sheriff Easter also filed an amended petition for judicial review and appeal pursuant to K.S.A. 60-2101(d) in the Sedgwick County District Court. As he had done in his original petition, the amended petition was captioned: "*Jeff Easter, Sheriff of Sedgwick County, Kansas, vs. Sedgwick County, Kansas, Sheriff's Civil Service Board.*" Moreover, Sheriff Easter served Deputy Rickstrew with a copy of the amended petition and attached a copy of the amended notice of appeal filed with the Board.

On November 23, 2015, the Civil Service Board filed an answer in the district court in which it argued that the appeal should be dismissed because Deputy Rickstrew was not named as a party in the amended petition. Specifically, the Civil Service Board alleged that because Sheriff Easter had failed to include Deputy Rickstrew in the caption of the amended petition, the appeal had not been properly perfected. On November 30, 2015, Sheriff Easter filed a motion for an order determining that he had properly perfected his appeal or, in the alternative, for leave to join Deputy Rickstrew as a party to the appeal.

On December 18, 2015, the district court held a hearing on the motions filed by the parties. At the conclusion of the hearing, the district court granted the parties leave to file additional briefs on the effect of Sheriff Easter's failure to name Deputy Rickstrew in the caption of the petition for judicial review and appeal. On January 21, 2016, the district court entered an order denying Sheriff Easter's motion to add Deputy Rickstrew. In addition, the district court found that the failure to include Deputy Rickstrew in the caption of the petition for judicial review and appeal was "a fatal jurisdictional bar to review mandating dismissal of the case."

3

A few weeks later, Sheriff Easter filed a motion to clarify and/or alter or amend the district court's decision. He also sought leave to file a second amended petition for judicial review and appeal. On February 22, 2016, Sheriff Easter also filed a premature notice of appeal from the district court's order of dismissal. The following week, the district court denied Sheriff Easter's motion to clarify. Furthermore, it denied his motion for leave to amend the petition for judicial review and appeal.

In response, Sheriff Easter filed an amended notice of appeal on March 7, 2016. While this appeal was pending, Deputy Rickstrew submitted an application for leave to file an *amicus* brief. Chief Judge Thomas E. Malone denied the motion as being unnecessary. Rather, Chief Judge Malone found that since Deputy Rickstrew was a party to the underlying administrative proceeding, he had standing to participate in this appeal as an appellee if he desired to do so. Thus, Deputy Rickstrew filed a brief and his attorney participated in oral argument held on January 10, 2017.

ANALYSIS

The issue on appeal is whether the district court has appellate jurisdiction to hear Sheriff Easter's appeal from the decision of the Sedgwick County Sheriffs Civil Service Board relating to the termination of Deputy Rickstrew's employment. Accordingly, it is important to recognize at the outset that the right to appeal is entirely statutory and that the limits of our jurisdiction are imposed by the legislature. *State v. Berreth*, 294 Kan. 98, Syl. ¶ 2, 273 P.3d 752 (2012); see also *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). In other words, Kansas courts have jurisdiction to entertain an appeal in a civil case if that appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-88, 370 P.3d 1194 (2016).

4

Whether jurisdiction exists is a question of law over which we exercise unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). Likewise, the interpretation of a statute is also a question of law over which we also exercise unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014). Moreover, when a district court has dismissed an action for lack of jurisdiction, our review is unlimited. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

Here, the Sedgwick County Sheriff's Civil Service Board functions pursuant to K.S.A. 19-4304 *et seq.* as well as under Sedgwick County Charter Resolution 60. As a permanent employee of the Sheriff's Office, Deputy Rickstrew had the right to seek review of his termination by requesting a hearing before the Civil Service Board. K.S.A. 19-4327(b). In turn, the Civil Service Board was authorized to receive evidence at the hearing and to determine the "reasonableness" of Sheriff Easter's personnel decision. See K.S.A. 19-4311(h); K.S.A. 19-4327(b), (d).

As a party aggrieved by the decisions issued by the Civil Service Board, Sheriff Easter had the right to appeal under K.S.A. 60-2101(d). See *Denning v. Johnson County Sheriff's Civil Service Board*, 299 Kan. 1070, 1074-75, 329 P.3d 440 (2014); see also *Landau v. City Council of Overland Park*, 244 Kan. 257, 273, 767 P.2d 1290 (1989) (noting that county actions are specifically excluded from the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*). K.S.A. 60-2101(d) provides that "[a] judgment rendered or final order made by a political or taxing subdivision, or any agency thereof, exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal."

Furthermore, K.S.A. 60-2101(d) specifically provides that "it shall be sufficient for an aggrieved party *to file a notice that such party is appealing from such judgment or order with such subdivision . . . within 30 days of its entry . . . .*" (Emphasis added.)

5

Accordingly, pursuant to the plain and unambiguous language of the statute, we find that Sheriff Easter perfected his appeal by filing the notice of appeal and the amended notice of appeal with the Sedgwick County Sheriff's Civil Service Board within 30 days after the decisions were entered.

As indicated above, Deputy Rickstrew was expressly named as a party in the caption of the notice of appeal and in the caption of the amended notice of appeal. In addition, Deputy Rickstrew was served with a copy of both of these notices of appeal. We, therefore, conclude that the district court not only had appellate jurisdiction but also an obligation to review the Civil Service Board's decisions. See K.S.A. 60-2101(d) ("The *clerk shall* thereupon *docket the same as an action in the district court*, which *court shall then proceed to review the same*, either with or without additional pleadings and evidence, *and enter such order or judgment as justice shall require*." [Emphasis added.])

We do not believe it is necessary to spend a great deal of time on reviewing the cases cited by the district court in deciding to dismiss Sheriff Easter's appeal for lack of jurisdiction. We note, however, that *Booher v. Wisner*, 65 Kan. 860, 70 P. 581 (1902); *Bender v. Smith*, 60 Kan. 857, 56 P. 484 (1899); and *Falk v. Kansas City, W. & N.W.R. Co.*, 10 Kan. App. 576, 62 P. 430 (1900), did not involve administrative appeals. Of course, none of these cases discusses K.S.A. 60-2101, which was not enacted by the Kansas Legislature until 1963. Likewise, it does not appear that the plaintiffs in those cases even attempted to join the unnamed party. Thus, these cases provide little—if any—guidance in the case before us.

Unfortunately, the parties and the district court made this action much more complicated than it needed to be. Rather than simply looking to the plain language of K.S.A. 60-2101(d), the district court decided to rely on cases decided by the Kansas Supreme Court more than 60 years before the adoption of the Kansas Code of Civil Procedure. Of course, Sheriff Easter did not help matters by filing the petition for judicial

6

review and appeal—that appears to have been unnecessary in light of the filing of the notices of appeal with the Civil Service Board—using a different caption than was used below. As a practical matter, the district court could have saved itself, the parties, and this court difficulty if it had simply granted Sheriff Easter's motion to amend given the fact that jurisdiction had already been obtained by the timely filing of the notices of appeal with the Civil Service Board.

Reversed and remanded for further proceedings.