IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,656

BYRON T. WIECHMAN,
*Appellee*,

v.

MARK HUDDLESTON,
*Appellant.*

SYLLABUS BY THE COURT

1.

The right to appeal in a civil case is entirely statutory and not a right guaranteed by the United States Constitution or the Kansas Constitution. Kansas appellate courts have jurisdiction to entertain an appeal in a civil case only if that appeal is taken within the time limitations and in the manner prescribed by the applicable statutes.

2.

An appellate court has no authority to create an exception to statutory jurisdictional requirements to allow an appeal from an order setting aside a final judgment in a civil case. *Brown v. Fitzpatrick,* 224 Kan. 636, 585 P.2d 987 (1978), is overruled to the extent it created a common-law "jurisdictional exception" permitting appeals in civil cases not otherwise allowed by statute.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 3, 2014. Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed April 15, 2016. Judgment of the Court of Appeals dismissing the appeal is affirmed.

1

*Stanford J. Smith*, *Jr.*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, argued the cause, and *Teresa L. Adams*, of the same firm, was with him on the briefs for appellant.

*Ron D. Beal*, of Lenexa, argued the cause, and *Robert D. Wiechman, Jr.*, of Wichita, was with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: This is an interlocutory appeal challenging a district court's decision to set aside a dismissal order in a personal injury lawsuit more than 4 years after that order was entered and the case was closed. The threshold question is whether a common-law exception to our statutory jurisdictional requirements remains valid, giving us the ability to decide this question. See *Brown v. Fitzpatrick*, 224 Kan. 636, 585 P.2d 987 (1978). The Court of Appeals dismissed the case for lack of jurisdiction, determining *Brown* was no longer viable in light of more recent caselaw from this court. *Wiechman v. Huddleston*, No. 110,656, 2014 WL 4996205, at *5 (Kan. App. 2014) (unpublished opinion).

We agree with the panel and overrule *Brown* to the extent it endorsed a judicially created appeal right in a civil case outside of those created by statute. See *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011) (holding in a civil case that appellate courts have no authority to fashion equitable exceptions to statutory limitations on appellate jurisdiction). This appeal must be dismissed because it was not brought in accordance with the statute governing interlocutory appeals. See K.S.A. 2015 Supp. 60-2102(c); see also Supreme Court Rule 4.01 (2015 Kan. Ct. R. Annot. 29).

FACTUAL AND PROCEDURAL BACKGROUND

This litigation began in September 2007, when Byron Wiechman sued Mark Huddleston for negligence after sustaining injuries in a September 2005 car accident. Huddleston's insurer paid Wiechman's insurer $7,135.15 for reimbursement of Personal Injury Protection (PIP) benefits. In March 2008, Huddleston's insurer, through its third party administrator, Claims Professionals Inc., sent a letter stating "today wherein we agreed to extend out insured's policy limit of $25,000 to you on behalf of your client." The letter also indicated a release for all claims against Huddleston was enclosed, and "[u]pon receipt of the properly executed release, we will issue payment in the amount of $25,000 and consider this matter resolved."

In August 2008, Wiechman's attorney accepted the $25,000 offer and returned the completed release of claims form. In September, Wiechman's attorney notified the district court the case had settled. Nothing additional occurred in the case file until the court dismissed the litigation for lack of prosecution in December 2008.

More than 4 years later, Wiechman filed a motion to set aside the dismissal order. He alleged that although he had accepted the settlement offer, he never received payment. He also filed a separate contract lawsuit alleging breach of the settlement agreement. These disputes were not consolidated and have been on separate tracks through the judicial system.

On the motion to reinstate the original negligence action, the parties disputed whether the district court had jurisdiction to set aside the 2008 dismissal order. K.S.A. 2015 Supp. 60-260(b), which is the applicable statute, gives district courts discretion to relieve a party from a final judgment for the following reasons:

3

"(1) Mistake, inadvertence, surprise or excusable neglect;

"(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under subsection (b) of K.S.A. 60-259, and amendments thereto;

"(3) fraud, whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an opposing party;

"(4) the judgment is void;

"(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

"(6) any other reason that justifies relief." K.S.A. 2015 Supp. 60-260(b).

Different time limitations apply depending on the reason invoked. A motion under subsection (b) must be made within a reasonable time, but for reasons under paragraphs (b)(1), (2), and (3) a movant must bring the motion no more than 1 year after the entry of the judgment or order or the date of the proceeding. See K.S.A. 2015 Supp. 60-260(c).

At the motion hearing, Huddleston argued Wiechman's claim fit within paragraph (b)(1) or (3), so he asserted the motion was untimely because it was not filed within 1 year of dismissal. But Wiechman argued the motion was governed by paragraph (b)(6), which was not subject to the 1-year limitations period. When asked by the court why the effort to reopen the lawsuit was not filed sooner, counsel acknowledged: "I probably should have filed it earlier but, you know, I thought we could get something worked out."

At the conclusion of the hearing, the district court granted Wiechman's motion to set aside the dismissal. But in doing so, it did not address K.S.A. 2015 Supp. 60-260 or whether the 4-year delay in bringing the motion was reasonable. Instead, the court focused on what it saw as the insurer's unfairness in not paying the settlement.

Later, at a hearing on a motion to reconsider, the district court reaffirmed its decision to set aside the 4-year-old dismissal order. Ruling from the bench, the district court suggested it was unnecessary to analyze the motion under the requirements of K.S.A. 2015 Supp. 60-260(b) because the dismissal order was administrative in nature, apparently because it was based on a lack of prosecution. The district court held Wiechman had established "good cause" for setting aside the dismissal because he reasonably relied on the insurer's documents and phone conversations when his attorney told the court the case had settled. The district court again did not discuss whether the 4-year delay was reasonable.

Huddleston filed this interlocutory appeal, arguing the district court lacked jurisdiction to set aside the dismissal order because Wiechman's motion was untimely under K.S.A. 2015 Supp. 60-260(c). Huddleston did not seek certification for his interlocutory appeal under K.S.A. 2015 Supp. 60-2102(c) and Supreme Court Rule 4.01 (2015 Kan. Ct. R. Annot. 29). Instead, he argued a common-law jurisdictional exception permitted an appeal from an order setting aside a final judgment, citing *Brown*.

In dismissing the appeal for lack of jurisdiction, the Court of Appeals acknowledged the jurisdictional exception recognized in *Brown* would arguably apply but questioned whether *Brown* was still good law. *Wiechman*, 2014 WL 4996205, at *4. Citing our reasoning in *Park City*, the panel held that judicially created exceptions conferring appellate jurisdiction absent statutory authority were no longer valid. *Wiechman*, 2014 WL 4996205, at *5.

Huddleston petitioned for this court's review, which was granted. See K.S.A. 20-3018(b). Jurisdiction is proper under K.S.A. 60-2101(b) (review of Court of Appeals decisions).

5

At the outset, we must consider a suggestion made for the first time during oral argument by Wiechman's counsel that this appeal has become moot because he prevailed in the separate breach of contract lawsuit after the district court reinstated the negligence action. In essence, Wiechman's counsel represented that since his client's breach of contract claim had been resolved, his client no longer had any interest in this appeal's outcome, although it was additionally noted that issues remained outstanding over prejudgment interest and whether a fraud claim could be asserted against Huddleston's insurer. In rebuttal, Huddleston's attorney disagreed the appeal was moot and noted Wiechman had not dismissed the underlying negligence action that launched this interlocutory appeal. We agree with Huddleston.

An appeal will not be dismissed for mootness unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007). The record on appeal in this case provides no such showing.

In fact, just a week prior to oral arguments, Wiechman filed pleadings urging us to affirm the Court of Appeals ruling. In addition, the representations made at oral arguments by Wiechman's counsel are inconsistent with the showing required for us to determine the case is moot. Accordingly, we hold the case is not moot.

Huddleston argues the panel erred when it dismissed this appeal for lack of jurisdiction. He admits K.S.A. 2015 Supp. 60-2012(a) generally governs appeals to the Court of Appeals as a matter of right and further concedes his appeal is not authorized by that statute because the order in controversy is not a final decision. See *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015) ("A 'final decision' generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court."). Instead, Huddleston argues this appeal is authorized by the *Brown* jurisdictional exception, and the panel erred when it overruled *Brown*. In contrast, Wiechman accepts the panel's view and argues *Brown* is no longer good law in light of more recent caselaw.

*Standard of Review*

An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the court must dismiss the appeal. *Kaelter*, 301 Kan. 247, Syl. ¶ 1. But we also must consider whether this court's 1978 *Brown* decision has lost its precedential value, so we need to consider the doctrine of stare decisis because this court generally follows an established point of law in subsequent cases "unless clearly convinced it was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent." *Miller v. Johnson*, 295 Kan. 636, 653, 289 P.3d 1098 (2012).

*The* Brown *exception is no longer valid.*

Huddleston agrees there is no appellate jurisdiction without application of *Brown*, so it is necessary to consider that case's rationale and holding. The litigation began when the plaintiff sued K.N. Fitzgerald for payment on a promissory note, and the claim was dismissed for lack of prosecution. More than 2 years after the dismissal, the claim was reinstated under a prior version of K.S.A. 60-260(b)(6).

Fitzgerald filed an interlocutory appeal challenging the reinstatement, and Brown opposed the appeal, arguing the appellate court lacked jurisdiction because the order reinstating the case was not a final order under K.S.A. 60-2102(a)(4). The *Brown* court held there was a "jurisdictional exception" applying to orders under K.S.A. 60-260(b) when "an order granting relief under authority of K.S.A. 60-260 is challenged on jurisdictional grounds." 224 Kan. at 639.

The *Brown* court principally relied on federal caselaw adopting an identical exception for orders entered under the analogous federal rule, Fed. R. Civ. Proc. 60(b). The court reasoned that since K.S.A. 60-260(b) was fashioned after the federal rule: "in the interest of consistency with the federal case law this court feels the 'jurisdictional exception' should be extended in Kansas to orders under K.S.A. 60-260(b)." 224 Kan. at 639. The court noted Kansas recognized a similar exception for orders granting a new trial under K.S.A. 60-259(a) based on federal caselaw interpreting Fed R. Civ. Proc. 59(d). The court then observed that the exception had been criticized as unwise because it leads to many interlocutory appeals, citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2871, p. 260 (1969). But in the end, the court concluded consistency with the federal caselaw trumped those concerns. 224 Kan. at 638-39.

In Huddleston's appeal, the panel recognized *Brown*'s application but held *Brown* was no longer valid given our more recent *Park City* decision. *Wiechman*, 2014 WL 4996205, at *4-5. In *Park City*, the district court granted a municipality additional time to file a motion seeking postjudgment relief from a summary judgment order—even though the district court lacked statutory authority to grant that extension. The delay rendered Park City's notice of appeal untimely under the applicable statute. Park City attempted to avoid a jurisdictional bar by invoking the doctrine of unique circumstances, which was another judicially created exception permitting an untimely appeal when the appellant reasonably relied on some judicial action that purportedly extended the time period for bringing the appeal. 293 Kan. at 108-09.

The *Park City* court recognized that Kansas courts had been following the United States Supreme Court's lead when it adopted the unique circumstances doctrine, but this court further noted that the United States Supreme Court had overruled that doctrine after concluding Congress had exercised its constitutional authority to limit the appellate courts' jurisdiction and that appellate courts could not create equitable exceptions to those legitimate statutory requirements. 293 Kan. at 117 (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 [2007]).

The *Park City* court followed suit and overruled the doctrine in Kansas based on the same reasoning, stating:

> "Consequently, we reject Park City's argument that the unique circumstances doctrine saves its appeal. As stated in *Bowles*, 'Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the "unique circumstances" doctrine is illegitimate.'" 293 Kan. at 120 (quoting *Bowles*, 551 U.S. at 214).

9

The rationale from *Park City* answers the jurisdictional question raised by Huddleston. We have often reiterated as a "longstanding rule" that appellate jurisdiction in civil cases is defined by statute, and the right to appeal is neither vested nor a constitutional right. 293 Kan. at 111 (collecting cases); see also *Kaelter*, 301 Kan. at 249 ("'Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute.'"); *Williams v. Lawton*, 288 Kan. 768, 778, 207 P.3d 1027 (2009) (same). But the *Brown* exception is inconsistent with that principle because the appeal statute, K.S.A. 2014 Supp. 60-2102, does not grant Huddleston a right to appeal the district court's order reinstating Wiechman's claim. And this court's rationale in *Park City* is easily applied to the *Brown* jurisdictional exception at issue here. As the panel held:

> "The jurisdiction exception for nonfinal orders found in *Brown* is directly analogous to the 'unique circumstances' exception reexamined in *Park City*. Both are court-made equitable exceptions to the jurisdictional requirements created by the legislature. Because the jurisdiction exception created in *Brown* circumvents the applicable statute—here, K.S.A. 2013 Supp. 60-2102—it is also illegitimate under the rationale of *Park City*." *Wiechman*, 2014 WL 4996205, at \*5.

In addition, we note that since its 1978 adoption, the *Brown* exception has been rarely invoked. We are aware of only two subsequent cases applying the exception to establish appellate jurisdiction. See *Chowning, Inc. v. Dupree*, 6 Kan. App. 2d 140, 626 P.2d 1240 (1981) (order to set aside dismissal for lack of prosecution appealable under the "jurisdictional exception"); *In re Marriage of Ariaz*, No. 105,224, 2012 WL 98490 (Kan. App. 2012) (unpublished opinion) (applying "jurisdictional exception" to allow appeal from K.S.A. 60-260 order challenging district court's jurisdiction to enter it). Based on this, overruling *Brown* has limited impact on the court's caselaw.

We note further that the exception's wisdom continues to be questioned by legal commentators and some courts. See 11 Wright and Miller, Federal Practice and

Procedure: Civil 3d § 2871, p. 591 (2012) (characterizing it as an "unwise doctrine, since it multiplies interlocutory appeals and requires the appellate courts to pass on the claim of lack of power"). This criticism led the New Mexico Court of Appeals to decline adopting the exception in *Baca v. Atchison, Topeka & Santa Fe Ry.*, 121 N.M. 734, 918 P.2d 13 (1996) (adopting the exception would "create an anomaly under New Mexico law"). On the other hand, the federal courts continue to apply this exception, which provides some authority for maintaining it in Kansas. See *Asset Acceptance, LLC v. Moberly*, 241 S.W.3d 329 (Ky. 2007) (adopting the jurisdictional exception because the federal practice "remains viable" after 120 years); *Baca*, 121 N.M. at 736 (noting most federal courts of appeals have held there is a right to appeal from a trial court order setting aside a judgment, usually pursuant to Fed. R. Civ. Proc. 59 or 60).

In our view, *Brown* focuses the analysis on the wrong question by allowing consistency with federal caselaw to trump a Kansas statute. If an appellate court lacks authority to adopt a jurisdictional exception, the wisdom of that exception is inconsequential. We conclude the best path is to abandon *Brown* and adhere to our jurisprudence that limits appellate jurisdiction in civil cases to that provided by statute.

Finally, one clarification to our holding in *Park City* is required because that case dealt with a civil proceeding challenging a land annexation order. Its holding that the right to appeal is entirely statutory was based exclusively on civil cases that had adopted that same principle. See *Park City*, 293 Kan. at 111 (citing *Flores Rentals v. Flores*, 283 Kan. 476, 480-81, 153 P.3d 523 [2007]; *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 773-74, 148 P.3d 538 [2006]; *Jones v. Continental Can Co.*, 260 Kan. 547, 550, 920 P.2d 939 [1996]; *Little Balkans Foundation, Inc. v. Kansas Racing Comm'n*, 247 Kan. 180, 188, 795 P.2d 368 [1990]; *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 437, 721 P.2d 278 [1986]). Accordingly, *Park City*'s application should be viewed as limited to appeals in civil cases.

11

We affirm the panel and dismiss Huddleston's appeal for lack of jurisdiction.

STEGALL, J., not participating.

AMY L. HARTH, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** District Judge Harth was appointed to hear case No. 110,656 vice Justice Stegall under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.