NOT DESIGNATED FOR PUBLICATION

No. 117,492

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLEDITH BOHANON,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 1, 2017. Affirmed in part and dismissed in part.


*Daniel J. Wernert*, of Wernert Law LLC, of El Dorado, for appellant.


*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.


Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM:  Cledith Bohanon appeals the summary dismissal of his K.S.A. 60-1501 petition alleging he suffered due process violations while in the custody of the Kansas Department of Corrections (KDOC) at the Hutchinson Correctional Facility (HCF). We find no facts to support Bohanon's due process claims. We affirm in part and dismiss in part.

1

Bohanon filed a K.S.A. 60-1501 petition challenging his placement in administrative segregation at HCF. Bohanon claims he was placed on administrative segregation on May 31, 2016, when HCF initiated an investigation into an allegation of sexual assault against another inmate. Bohanon made several requests asking for information and documentation regarding the investigation. On September 23, 2016, Bohanon received a response indicating he was not being charged with any offense and it had been determined the allegations against him were unsubstantiated. However, he continued to be held in administrative segregation until he could be moved to another facility.

In his petition, Bohanon alleged several due process and equal protection violations. The district court summarily dismissed his petition for failing to state a claim upon which relief could be granted, finding "[a]dministrative segregation and custody levels do not raise constitutional claims barring extreme circumstances." Bohanon filed a motion for reconsideration. The district court denied his motion noting Bohanon had been transferred from HCF to the El Dorado Correctional Facility (EDCF) and had not pursued administrative remedies at EDCF.

ANALYSIS

Bohanon argues the district court erred by failing to consider whether his due process rights were violated because he was not allowed to defend himself in disciplinary proceedings. He further argues the district court erred in failing to consider whether HCF followed KDOC policies.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*

*v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2016 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Bohanon argues his due process rights were violated because he was not given a meaningful opportunity to defend himself in a disciplinary hearing. The record shows no disciplinary hearing was held in this matter. In his brief, Bohanon argues he was entitled to a hearing based on K.A.R. 44-13-101(c); however, he does not elaborate or fully explain the point. At best, the point is incidentally raised but not argued. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Bohanon failed to explain why he was entitled to a disciplinary hearing when no disciplinary charges were filed. There was no due process violation.

Next, Bohanon argues HCF failed to follow KDOC Internal Management Policies and Procedures (IMPP), specifically IMPP 20-104(I)(B)(2) and IMPP 20-104(I)(B)(13). HCF argues the applicable provisions are IMPP 10-103D and IMPP 20-104(I)(B)(6). However, both parties fail to consider the fact Bohanon has been transferred to EDCF and is no longer an inmate at HCF. The district court specifically addressed this fact in its order denying Bohanon's motion for reconsideration. It noted Bohanon was a special management prisoner now at EDCF and was placed in administrative segregation. It further noted the reasons for his administrative segregation at EDCF is not reflected in the record. Bohanon has not exhausted his administrative remedies at EDCF. Inmates must exhaust administrative remedies before filing a civil claim against state actors and prison facilities. See K.S.A. 75-52,138. Bohanon's claim is not properly reviewable with respect to his current placement at EDCF.

With respect to his previous confinement at HCF, the issue is moot. Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness test has been described as a determination whether it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). Bohanon is no longer confined at HCF so the actual controversy has ended and any order respecting his former confinement at HCF would be ineffectual for any purpose and not impact any of Bohanon's rights. Thus, the issue is moot.

Affirmed in part and dismissed in part.