NOT DESIGNATED FOR PUBLICATION

No. 117,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN LOUIS GREGG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; A. J. WACHTER JR., judge. Opinion filed December 22, 2017. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Steven Gregg appeals his sentence following his conviction for stalking. But we have no jurisdiction to review a sentence that the district court imposed after agreement by the defendant and the State. Gregg and the State jointly recommended that the district court impose probation instead of a prison sentence—and the district court followed that recommendation. By statute, we cannot review "any sentence resulting from an agreement between the state and the defendant [that] the sentencing court approves on the record." K.S.A. 2016 Supp. 21-6820(c)(2). We therefore have no jurisdiction to consider an appeal of that sentence.

To make clear the situation before us, let's briefly review the events that led here. As part of a plea agreement with the State, Gregg pleaded no contest to stalking. Given

Gregg's criminal-history score, the presumptive guidelines sentence for his stalking conviction would have been 15, 16, or 17 months in prison. K.S.A. 2016 Supp. 21-6804(a) (sentencing grid for non-drug crimes). But Gregg and the State agreed to recommend that the district court impose probation instead.

At sentencing, Gregg and the State requested the district court follow the plea agreement and impose probation. The district court said it agreed to follow the recommendation and sentenced Gregg to 12 months of probation (with an underlying prison sentence of 16 months that would be served if Gregg didn't successfully complete his probation). Nevertheless, Gregg has appealed, claiming the district court "erred in sentencing him." Presumably he seeks an even shorter probation sentence.

Now that we've established what Gregg is seeking to appeal, we must consider whether we have jurisdiction, or legal authority, to consider the matter. We have a duty to consider our jurisdiction even if no party raises the issue. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). As we've already noted, K.S.A. 2016 Supp. 21-6820(c)(2) answers that question: we do not have jurisdiction because the sentence resulted from an agreement approved by the court. So we must dismiss the appeal. See *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017), *rev. denied* 306 Kan. ___ (October 27, 2017).

We granted Gregg's motion for summary disposition of the appeal under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). After reviewing that motion and the State's response, we dismiss his appeal for lack of jurisdiction.