NOT DESIGNATED FOR PUBLICATION

No. 118,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JULIA DENG,
*Appellee*,

v.

SCOTT HATTRUP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, judge. Opinion filed June 15, 2018. Affirmed in part and dismissed in part.

*Scott G. Hattrup*, appellant pro se.

*Christopher B. Bacon*, of Lowe Law Firm, LLP, of Olathe, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Scott G. Hattrup appeals the district court's orders evicting him from his residence in Lenexa, Kansas. For the reasons stated herein, we dismiss Hattrup's appeal in part and otherwise affirm the district court's judgment.

FACTS

According to documents on file with the district court, Hattrup, who is a lawyer but no longer practices law, failed to pay his federal income taxes in the amount of $49,684.24. Ultimately, the Internal Revenue Service (IRS) levied on Hattrup's residence

1

in Lenexa, Kansas. As required by federal law, the IRS sought federal judicial approval of its levy on Hattrup's principal residence. Over Hattrup's objections, the federal court granted the IRS' petition for judicial approval of the levy.

On October 6, 2016, the IRS auctioned the residence, and Julia Deng purchased it for $40,000. The IRS issued Deng a certificate of sale. In accordance with the law, the sale was conditional on Hattrup's 180-day redemption period. Once the 180-day period lapsed without Hattrup asserting his redemption right, the IRS issued a quitclaim deed to Deng on May 10, 2017.

After all this, Hattrup refused to vacate the property. On May 17, 2017, Deng issued a letter, distributed through mail, email, and hand delivery, demanding that Hattrup vacate the residence within 10 days. Still, Hattrup refused to leave.

On June 2, 2017, Deng filed a chapter 61 limited action petition with the District Court of Johnson County, Kansas, to evict Hattrup from the premises. Hattrup filed an answer to the petition, and he also asserted a counterclaim to quiet title to the property, claiming that he had a motion pending in federal court to reopen the redemption period. Hattrup later filed a motion to convert the chapter 61 limited action claim for eviction to a chapter 60 proceeding. Hattrup argued that his counterclaim for quiet title fell outside the limited jurisdiction of a magistrate judge under chapter 61. Deng filed a response to Hattrup's motion to convert and argued that Hattrup's counterclaim for quiet title was a ploy to stall the eviction proceedings.

On July 6, 2017, a magistrate judge heard oral arguments on the motion to convert. There is no transcript of this hearing in the appellate record. According to the journal entry filed on July 25, 2017, the magistrate judge denied the motion to convert as to the eviction claim but took the motion under advisement as to the counterclaim. Next, according to the journal entry, the magistrate judge questioned Hattrup and Deng about

whether there were any factual disputes that would require a trial on the eviction action, which was scheduled to take place the next day. Both parties agreed that there were no factual issues relating to the eviction action. The district court thereupon entered judgment in favor of Deng against Hattrup on the petition for eviction and issued a writ of restitution to Deng for possession of the property. The district court expressly noted that the ruling on the eviction action was a final judgment under K.S.A. 61-3302(c), and the court set a supersedeas bond in the amount of $18,000 in the event that Hattrup wanted to appeal the judgment for eviction.

Hattrup timely filed a notice of appeal on August 2, 2017. The notice stated that Hattrup was "appealing this case to the Kansas Court of Appeals." Hattrup posted an $18,000 supersedeas bond to maintain possession of his residence during the appeal. On August 23, 2017, Hattrup docketed the appeal with this court.

Meanwhile, on August 3, 2017, a federal court dismissed Hattrup's motion to reopen his redemption period. A few days later, on August 8, 2017, Deng filed a motion for summary judgment on the counterclaim and a motion to deny Hattrup's motion to convert, both based on the federal court's ruling.

On September 21, 2017, the magistrate judge held a hearing on Deng's motion for summary judgment. Again, there is no transcript of this hearing in the appellate record. According to a journal entry filed on the same day, the court noted that Hattrup had failed to timely controvert the statement of uncontroverted facts in Deng's summary judgment motion. The district court granted Deng summary judgment on the counterclaim and denied Hattrup's motion to convert the counterclaim to chapter 60. Hattrup never filed a notice of appeal from the September 21, 2017 journal entry.

ANALYSIS

Hattrup presents three issues on appeal. He first contends that the magistrate judge erred in conducting hearings outside the jurisdictional limits of chapter 61 and his own jurisdictional limits as a magistrate. Second, he asserts that the magistrate judge erred in treating his motion to convert as a motion for summary judgment on Deng's petition for eviction. Third, he asserts that the magistrate judge erred in granting Deng's motion for summary judgment on the counterclaim, arguing that the court lacked jurisdiction to hold a hearing on September 21, 2017, after Hattrup's appeal had been docketed.

Before addressing the substance of Hattrup's issues on appeal, Hattrup's appeal has jurisdictional issues of its own that we must address. In the July 25, 2017 journal entry, the magistrate judge denied Hattrup's motion to convert as to the eviction claim but took the motion under advisement as to the counterclaim. In that same journal entry, the magistrate judge granted Deng's petition for eviction and expressly noted that the ruling was a final judgment under K.S.A. 61-3302(c), making this single issue appealable. Hattrup timely filed a notice of appeal on August 2, 2017, and he docketed his appeal with this court on August 23, 2017. Nearly a month later, on September 21, 2017, the magistrate judge declined to convert the counterclaim to chapter 60 and also granted summary judgment on the counterclaim in favor of Deng. Hattrup never filed a separate notice of appeal from the September 21, 2017 journal entry. On April 26, 2018, this court issued an order directing Hattrup to show cause within 10 days why his appeal from the court's September 21, 2017 journal entry should not be dismissed for lack of appellate jurisdiction. Hattrup did not respond to the show cause order.

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). When

4

the record discloses a lack of jurisdiction, the appellate court must raise the issue sua sponte and dismiss the appeal. 304 Kan. at 84-85.

It is a fundamental proposition of Kansas appellate courts that "'an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal.' [Citation omitted.]" *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011), *cert. denied* 568 U.S. 928 (2012). By statute, an appellate court may only take an appeal from a final decision. K.S.A. 2017 Supp. 60-2102(a)(4). "A final decision is one that finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court." *Honeycutt v. City of Wichita*, 251 Kan. 451, Syl. ¶ 1, 836 P.2d 1128 (1992). In a limited action controversy involving multiple claims, an appellant may appeal a single claim when the court expressly directs the entry of a final judgment on that claim. See K.S.A. 61-3302(c). Finally, a premature notice of appeal—filed after a court announces judgment but before memorializing the judgment in a written journal entry— ripens into a valid notice of appeal once the written journal entry is filed. Supreme Court Rule 2.03(a) (2018 Kan. S. Ct. R. 14).

Here, Hattrup filed a timely notice of appeal from the district court's eviction judgment entered on July 25, 2017. However, this court lacks jurisdiction over the district court's rulings in the September 21, 2017 journal entry because Hattrup did not file a separate notice of appeal from this judgment. Moreover, Hattrup's notice of appeal filed on August 2, 2017, cannot be construed as a premature notice of appeal from the rulings in the September 21, 2017 journal entry because those rulings had not been announced by the court at the time the notice of appeal was filed.

Hattrup also contends that the magistrate judge lost jurisdiction over the remainder of his case when he docketed his appeal on August 23, 2017. As a result, Hattrup argues that the magistrate's September 21, 2017 order is null and void. Hattrup is correct that

5

lower courts generally lose jurisdiction over a case once an appeal is docketed with the appellate courts. See *Harsch v. Miller*, 288 Kan. 280, 285-87, 200 P.3d 467 (2009). But when Hattrup filed his docketing statement on August 23, 2017, the magistrate judge was divested of jurisdiction only on the eviction issue. The magistrate judge retained jurisdiction regarding the counterclaim, as the counterclaim issue remained undecided. Although docketing the appeal on August 23, 2017, prohibited the magistrate judge from modifying the eviction order, the magistrate did not lose jurisdiction to make rulings on September 21, 2017, as to the counterclaim and motion to convert. See K.S.A. 2017 Supp. 60-2102(a)(4); *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015) (recognizing that appeals can be taken only from final decisions).

We conclude that this court lacks jurisdiction over the district court's rulings in the September 21, 2017 journal entry because Hattrup did not file a separate notice of appeal from this judgment. Thus, we must dismiss Hattrup's appeal in part, to the extent that he attempts to appeal from the rulings set forth in the September 21, 2017 journal entry.

This leaves only the eviction judgment granted in the July 25, 2017 journal entry. As to the eviction, Hattrup argues on appeal that the magistrate judge erred in conducting hearings outside the jurisdictional limits of chapter 61 and his own jurisdictional limits as a magistrate. He also asserts that the magistrate judge erred in summarily granting judgment to Deng on the eviction petition at the hearing on July 6, 2017.

We find no merit to Hattrup's claims about the eviction action. "[A] district magistrate judge shall have jurisdiction over actions filed under the code of civil procedure for limited actions." K.S.A. 2017 Supp. 20-302b(a). Limited actions are found in chapter 61 of the Kansas Statutes Annotated, and within chapter 61 are the statutes governing evictions. See K.S.A. 61-3801 et seq. We easily find that the magistrate judge had subject matter jurisdiction over the eviction claim.

6

Likewise, we find that the magistrate judge did not err in summarily granting judgment to Deng on the eviction petition at the hearing on July 6, 2017. As discussed, K.S.A. 61-3801 et seq. governs lawsuits brought to evict a person from possession of real property. The statutes under chapter 61 set forth an expedited procedure for eviction. K.S.A. 61-3804 requires that the petition shall describe the premises for which possession is sought and why the plaintiff is seeking possession. The summons shall require the defendant to appear in court not less than 3 days nor more than 14 days after the date the summons is issued. K.S.A. 61-3805. The defendant is not required to file an answer.

K.S.A. 2017 Supp. 61-3807(a) provides that "[i]f a trial is necessary, the trial shall be conducted within 14 days after the appearance date stated in the summons." Because the statute provides a judge with discretion to determine *if* a trial is necessary, we review the court's decision for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). However, interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

Here, we find that the magistrate judge took the correct path in disposing of the eviction action. On July 6, 2017, the magistrate judge held a hearing on Hattrup's motion to convert to chapter 60. The magistrate judge denied the motion to convert as to the eviction claim but took the motion under advisement as to the counterclaim. According to the journal entry, the magistrate questioned the parties about whether there were any factual disputes that would need a trial on the eviction action, which was scheduled to take place the next day. Both parties agreed that there were no factual issues relating to the eviction action. The magistrate then ruled on the eviction action in Deng's favor and issued a writ of restitution placing Deng in possession of the property. Finally, the

magistrate judge allowed Hattrup to post a supersedeas bond to remain in possession of the premises while he took this appeal.

K.S.A. 61-3801 et seq. sets forth an expedited procedure for evictions. We disagree with Hattrup's assertion that the magistrate judge improperly treated his motion to convert as a motion for summary judgment on Deng's petition for eviction. There are no provisions within the statutes that required Deng to file a formal motion for summary judgment under Supreme Court Rule 141 (2018 Kan. S. Ct. R. 205) in order to obtain judgment on the eviction action. Both parties agreed that there were no factual issues relating to the eviction action. The magistrate judge simply found that a trial was unnecessary and that the undisputed facts commanded an eviction. This action is allowed under the statutes. We conclude that the district court complied with the statutory scheme and did not abuse its discretion in the manner that it granted judgment in favor of Deng on the eviction petition; therefore, we affirm the eviction proceedings.

Affirmed in part and dismissed in part.