NOT DESIGNATED FOR PUBLICATION

No. 122,306

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICKY STEVENSON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed December 11, 2020. Affirmed.

*Ricky Stevenson*, appellant pro se.

*Donald J. Cooper*, of Kansas Department of Revenue, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Ricky Stevenson seeks judicial review of the suspension of his driver's license. Stevenson was stopped for a traffic infraction on February 17, 2018, in Johnson County. The police officer observed signs of intoxication in Stevenson, arrested him for DUI, and took him to the police station where Stevenson refused to submit to an evidentiary breath test. According to the arresting officer, Stevenson was promptly served with a copy of the DC-27 Certification and Notice of Suspension, but Stevenson apparently left the police department without taking the form with him. So the officer sent it to Stevenson by certified mail.

1

On March 19, 2018, the Kansas Department of Revenue (KDOR) mailed a Driver's License Suspension and Restriction Notice to Stevenson at his home address.

On April 16, 2018, Stevenson requested an administrative hearing regarding his driver's license suspension. Two days later, on April 18, 2018, the KDOR sent Stevenson a letter informing him that his request for an administrative hearing was denied because he had not provided the required $50 filing fee and his request for a hearing was untimely.

On September 12, 2018, almost five months after the KDOR denied Stevenson's request for a hearing, Stevenson filed a petition for review with the Shawnee County District Court. Stevenson also asserted a claim for libel and other ill-defined purported tort claims. The KDOR answered arguing, in part, that Stevenson failed to comply with statutory time limitations for commencing this action and, therefore, the district court did not have jurisdiction to hear the case. Stevenson moved to amend his petition "to re-plead the pleadings and add counts," noting that he was "potentially dropping Libel if it is corrected and adding false statements and breach."

The district court held an evidentiary hearing on the issue of whether Stevenson was personally served with the DC-27. After hearing evidence, the district court found that Stevenson "was not personally served with the DC-27 Form on February 17, 2018, and that such defective service may have excused his tardy request for an administrative hearing." But Stevenson's "failure to timely file his petition for judicial review following the KDOR's denial of his request for an administrative hearing on April 18, 2018, nonetheless deprives this Court of subject matter jurisdiction to consider his Petition for Judicial Review." The court also ruled that Stevenson failed to state actionable tort claims in his petition and denied Stevenson's motion to amend his petition, noting that Stevenson failed to provide a copy of his proposed amended petition or otherwise explain the nature of his proposed new claims.

Stevenson's appeal brings the matter to us. On appeal, Stevenson raises issues relating to the suspension of his driving privileges. He does not address the dismissal of his tort claims or the denial of his motion to amend his petition.

The threshold issue with respect to Stevenson's claims regarding the suspension of his driving privileges is whether we have jurisdiction to consider them. Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

Generally speaking, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, none of which applies here, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016).

There are two possible filing deadlines: (1) 14 days after the KDOR's suspension of driving privileges, see K.S.A. 2019 Supp. 8-259(a), or (2) the general appeal time in the Kansas Judicial Review Act of 30 days after final agency action under K.S.A. 77-613(d). Here, the KDOR informed Stevenson on April 18, 2018, that his request for a hearing was denied. The denial of his request could constitute a final agency action under K.S.A. 77-613(d) or it could be seen as a final order by the administrative agency under K.S.A. 2019 Supp. 8-259(a). Either way, Stevenson's petition for judicial review was untimely. It was not filed until September 12, 2018, well outside either time limit. Thus, the district court correctly found that it did not have jurisdiction to review any of Stevenson's claims regarding the KDOR's suspension of his driving privileges.

Affirmed.