NOT DESIGNATED FOR PUBLICATION

No. 122,581

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

C.B.,
*Appellee,*

v.

BRIGHAM JAMES BAILEY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Dickinson District Court; KEITH L. COLLETT, magistrate judge. Opinion filed June 11, 2021. Affirmed in part and dismissed in part.

*Brigham James Bailey*, appellant pro se.

No brief filed by appellee.

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: The district court in 2019 granted a lifetime extension of a protection from abuse (PFA) order against Brigham James Bailey obtained by his former wife, C.B., on behalf of the couple's minor child. Bailey on appeal challenges the district court's prior PFA orders and asserts the district court erred in granting the lifetime extension of the PFA, acted with bias or prejudice toward him, and improperly considered his Geary County conviction for felony child abuse in granting the lifetime extension of the PFA. Upon a complete review of the record below, we find no error. We affirm in part and dismiss in part.

1

In October 2016, Bailey's then-wife, C.B., filed a petition for a PFA order against Bailey on behalf of the couple's infant child, S.B. C.B. alleged Bailey had intentionally or recklessly injured S.B., causing bleeding in her brain and behind her eyes. The district court issued a temporary order the following day. On December 12, 2016, the district court held a hearing at which C.B. appeared. The district court asked C.B. if the allegations in her petition were true, and C.B. said they were. The district court then issued a PFA order for one year. C.B. timely requested an extension of the order, and the district court issued an order extending the PFA for one year.

C.B. timely requested a second extension of the PFA order for two years or more. The district court scheduled a hearing. At the time, Bailey was in prison because he had been convicted in Geary County of felony child abuse against S.B. The district court was unable to get Bailey transported in time for the hearing, so the matter was continued. At the conclusion of the January 2019 hearing, the district court granted a lifetime extension of the PFA order based on Bailey's felony child abuse conviction. Bailey filed a notice of appeal, seemingly challenging the district court's prior orders and its most recent lifetime extension of the PFA order.

ANALYSIS

*Bailey's challenge to prior decisions of the district court are time barred because he failed to timely appeal.*

Bailey's first four issues contesting the initial entry of the PFA order and its first extension were not timely appealed. Failure to appeal the district court's ruling within the time allowed by statute deprives this court of jurisdiction over the issue(s) on appeal. K.S.A. 2020 Supp. 60-2103(a) (civil appeal must be filed within 30 days of entry of final

order); *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). Where the record reveals a lack of jurisdiction, we must dismiss the appeal. 304 Kan. at 85. We, therefore, dismiss Bailey's first four issues because we have no jurisdiction.

*The district court's findings were adequate.*

Bailey complains the district court did not make adequate findings of fact and conclusions of law to support its temporary orders, the PFA order, and subsequent extensions. Any complaint Bailey has with the adequacy of the district court's findings not timely raised for the orders issued prior to the grant of the lifetime extension are moot because we previously found we have no jurisdiction to address them, and we decline to do so here. However, the district court's findings to grant the lifetime extension of the PFA order are sufficient.

*The district court's grant of the lifetime extension was timely issued.*

Bailey argues the district court lacked jurisdiction to grant the lifetime extension of the PFA order, claiming four jurisdictional defects in the district court's issuance of the lifetime extension: (1) The district court lacked personal jurisdiction over him; (2) the district court lacked subject matter jurisdiction because it previously entered an order extending the PFA; (3) the district court lacked subject matter jurisdiction because Bailey had not violated the PFA order and had not been convicted of a felony prior to the issuance of the first extension; and (4) C.B.'s second motion for extension was filed out of time. Bailey is incorrect.

Bailey fails to demonstrate or explain a lack of personal jurisdiction in the proceedings below. His argument is also expressly contrary to K.S.A. 2020 Supp. 60-3103, which provides, in pertinent part: "Any district court shall have jurisdiction over all proceedings under the protection from abuse act [K.S.A. 60-3101 et seq.]." Bailey is

further incorrect that the issuance of the first extension deprived the district court of subject matter jurisdiction to issue the lifetime extension. K.S.A. 2020 Supp. 60-3107(e)(1) allows a PFA order to be extended for one year "[u]pon motion of the plaintiff." The plain language of the statute requires no showing apart from the plaintiff's desire to extend the PFA order for an additional year. Whether Bailey violated the PFA order or had been convicted of a person felony prior to the first extension had no bearing on the district court's subject matter jurisdiction. The district court had authority to further extend the PFA order, consistent with the provisions of K.S.A. 2020 Supp. 60-3107(e)(2). Accordingly, Bailey's argument the district court lacked subject matter jurisdiction to issue the lifetime extension based on its prior issuance of a one-year extension fails.

Bailey is further incorrect that C.B. failed to timely seek a second extension of the PFA order. The initial PFA order issued in December 2016 was extended to December 2018. C.B. filed her second request for extension in November 2018. The hearing was ultimately continued based on Bailey's request to be transported from prison—a matter occasioned by Bailey's person felony conviction for abusing his child. C.B. timely sought an extension for two years or more prior to the expiration of the first extension. Although the order extending the PFA for life was issued after December 2018, a timely motion to extend the order was filed.

K.S.A. 60-3109 specifically provides that the ordinary rules of civil procedure apply to proceedings under the protection from abuse act. In a civil action, after a motion is timely filed, it is not uncommon for the district court to extend the time to hear the motion as the district court's calendar allows. See K.S.A. 2020 Supp. 60-206(b)(1)(A) ("When an act may or must be done within a specified time, the court may . . . extend the time . . . [w]ith or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). Our finding here also applies the intent of K.S.A. 2020 Supp. 60-3101(b) for the PFA statute to be liberally construed for

the protection of victims of domestic violence from bodily injury. We observe no reason why the timely filing of the motion to extend the PFA order for life does not allow for the extension to be granted. Thus, we find the district court had jurisdiction to set and hear the motion for lifetime extension of the PFA order in January 2019.

Given the specific facts of this case, i.e., Bailey had been convicted of a person felony for child abuse, the district court's lifetime extension of the PFA order was timely addressed and properly supported by a preponderance of the evidence.

*The district court did not exhibit bias or prejudice toward Bailey.*

Bailey argues the district court abused its discretion through bias, prejudice, and impropriety directed toward him at the 2019 extension hearing. Bailey's argument is unpersuasive. This section of his brief is little more than a rambling airing of his grievances, stemming primarily from his lack of knowledge and skill as a pro se litigant rather than any action or inaction of the district court. We find no merit to his claims and decline to address them further.

*Bailey's criminal conviction is relevant.*

Bailey's last argument—the district court could not take notice of his Geary County conviction because he pled no contest rather than guilty—is without merit. K.S.A. 2020 Supp. 60-3107(e)(2) only requires the defendant be convicted of a person felony against the plaintiff or a member of the plaintiff's family. How that conviction is obtained—i.e., jury verdict, guilty plea, or no contest plea—is irrelevant. The district court did not err in considering Bailey's conviction from Geary County for felony child abuse of his minor child.

Affirmed in part and dismissed in part.

5