NOT DESIGNATED FOR PUBLICATION

No. 126,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ADRIAN MICHAEL REQUENA,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed July 26, 2024. Affirmed.

*Adrian Michael Requena*, appellant pro se.

No appearance by appellee.

Before GREEN, P.J., GARDNER and PICKERING, JJ.

PER CURIAM: Adrian Michael Requena, acting pro se, appeals from the district court's order dismissing his K.S.A. 60-1501 petition for failure to prosecute. The Kansas Prisoner Review Board (Board) has not responded to Requena's appeal. Based on Requena's appellant's brief, he was convicted of attempted burglary, and he received a 15-month prison sentence for the conviction. The Board recommended that Requena served the remainder of his prison sentence.

It is unclear from the record on appeal what crime Requena committed or why the Board revoked Requena's postrelease supervision. In his K.S.A. 60-1501 petition,

1

Requena argued that the Board violated the Sixth Amendment to the United States Constitution and Kansas' sentencing statutes when it ordered him to serve his remaining postrelease supervision term as well as the term that the Board originally credited him as good time served in prison. Before the district court, however, Requena had trouble serving process on the Board. Indeed, Requena never served process on the Board. Instead, at a hearing on May 24, 2023, when the district court asked Requena whether he wanted to continue his case so he could serve process on the Board, Requena declined the district court's offer. Afterwards, the district court dismissed Requena's case for failure to prosecute. As a result, the district court never addressed Requena's underlying arguments in his K.S.A. 60-1501 petition.

Requena filed a timely notice of appeal from the district court's dismissal of his K.S.A. 60-1501 petition. Because the dismissal of his petition was a final decision, Requena has a statutory right to appeal the district court's decision. K.S.A. 2023 Supp. 60-2102(a). But on appeal, Requena repeats the arguments within his K.S.A. 60-1501 petition without considering the district court's dismissal of his petition for failure to prosecute. In fact, other than noting that his petition was dismissed, Requena never addresses the dismissal order in his appellant's brief.

In Kansas, it is a well-known rule that the right to appeal in a civil case is "entirely statutory." *Wiechman v. Huddleston*, 304 Kan. 80, Syl. ¶ 1, 370 P.3d 1194 (2016). That is to say, a Kansas appellate court only has jurisdiction to entertain an appeal that was taken "in the manner prescribed by the applicable statutes." 304 Kan. 80, Syl. ¶ 1. When the record on appeal reveals a potential jurisdiction issue, we have a duty to sua sponte determine whether we have jurisdiction to entertain a party's appeal. Because jurisdiction problems involve questions of law, when considering such jurisdiction issues, we exercise unlimited review. 304 Kan. at 85.

Here, we have subject matter jurisdiction to consider whether the district court erred by dismissing Requena's K.S.A. 60-1501 petition. Nevertheless, we do not have what is known as in personam jurisdiction to consider Requena's underlying arguments within his petition because Requena has not served process on the Board. Without doing so, the district court has no jurisdiction to entertain Requena's petition. A district court cannot obtain personal jurisdiction over a party until that party has been served process. See *Davila v. Vanderberg*, 4 Kan. App. 2d 586, 588, 608 P.2d 1388 (1980). So, Requena's failure to serve process on the Board meant that the district court never obtained personal jurisdiction over the Board.

For this same reason, we have no personal jurisdiction over the Board. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 39, 392 P.3d 82 (2017) (holding that if the district court lacked jurisdiction to consider a party's argument, then an appellate court lacks jurisdiction to entertain that party's appeal).

Finally, we cannot consider an argument that the district court never considered. Also, we note that by declining the district court's "option to continue" his case to correctly serve process on the Board, Requena invited the district court to dismiss his petition for failure to prosecute. See *Water Dist. No. 1 of Johnson Co. v. Prairie Center Dev.*, 304 Kan. 603, 618, 375 P.3d 304 (2016) (holding that a party cannot prove prejudice if the party invited the error that the party complains about on appeal).

Thus, we affirm the dismissal of this case.

Affirmed.