NOT DESIGNATED FOR PUBLICATION

No. 126,669

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

H.R.M.,
*Appellee*,

v.

J.L.C.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT G. SCOTT, magistrate judge. Submitted without oral argument. Opinion filed March 21, 2025. Affirmed.

*Richard W. Martin Jr.*, of Martin & Wallentine, LLC, of Olathe, for appellant.

No appearance by appellee.


Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.


PER CURIAM: J.L.C. appeals a final protection from stalking order. He argues the district court could not make such an order because he had already made a diversion agreement in a criminal case that granted the same or greater relief. We find no connection between the criminal case and this case other than J.L.C.'s involvement. The cases are not legally intertwined. This civil action decides whether H.R.M. is entitled to a protection order. The criminal prosecution, on the other hand, focuses on whether J.L.C.'s conduct is criminal and, if so, what punishment should be assessed against him. Therefore, J.L.C.'s argument is baseless, and we affirm.

1

*Problematic conduct leads to court orders and a prosecution.*

In December 2022, H.R.M. asked the district court for protection from stalking because J.L.C. put a tracking device on her car. In court, J.L.C. argued the petition was moot because he had already entered into a no-contact diversion agreement in a corresponding criminal stalking case that prohibited him from contacting H.R.M. The district court stated that the protection in the criminal diversion agreement was probably more in depth than a possible civil order of protection from stalking. But the court found the petition was not moot because one was a civil case and one was a criminal case. After hearing testimony from both parties, the court granted to H.R.M. a final order of protection from stalking against J.L.C.

*While J.L.C. is involved in both cases, they are not identical.*

An issue will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). The court must give due consideration to the interests a party asserts to avoid dismissal for mootness. *State v. Roat*, 311 Kan. 581, 591, 466 P.3d 439 (2020).

On appeal, J.L.C. argues that the petition before the district court was moot because his criminal diversion agreement provided the same protection that the no-contact order in the civil case provided. H.R.M. did not respond.

J.L.C. misses the point. The question in this civil case is whether H.R.M. is entitled under the civil statutes to a protection from stalking order. That is not a question addressed by the criminal court in J.L.C.'s prosecution. The two protective orders are not identical, and we hold that there can be no mootness. If H.R.M. fails to prove that she is

entitled to a final order of protection, it would not affect J.L.C.'s criminal prosecution and vice versa.

*J.L.C. fails to provide an adequate record in this appeal.*

J.L.C. fails to adequately support his claim because he does not include the criminal diversion agreement in the record on appeal. It was his burden to designate a record sufficient to present his points to this court and to establish his claims. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36). J.L.C. did not ask this court to take judicial notice of the criminal case. Failure to do so waives such argument. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 917, 416 P.3d 999 (2018).

Without the diversion agreement, we cannot determine whether the agreement contains the same protections as the protection from stalking order here. J.L.C. cites to a portion of the diversion agreement that the district court apparently read from at the hearing on this matter:

"The defendant shall not contact or cause to be contacted either directly or indirectly [H.R.M.]. Direct contact includes being on or about the same premises or having face-to-face contact with her. Indirect means corresponding, telephoning, emailing, texting, messaging, using social media or other individual means, also contacting employers, family members, or others associated with her for no legitimate purpose."

It is unclear whether there was additional relevant language in the diversion agreement. J.L.C. claims the criminal diversion agreement restricted him from contacting H.R.M. for one year.

But the final protection order entered in this civil case differs. The court ordered J.L.C. to not "follow, harass, abuse, molest, assault, threaten, stalk, or interfere with the

3

privacy rights of [H.R.M.], and [H.R.M.'s] family or household." It provides that J.L.C. "shall not enter or come on or around the premises, the residence, the property, school, or place of employment of [H.R.M.] or other family or household member." The latter language does not appear to be limited to times when H.R.M. is on those premises. The civil protection order provides legal rights to H.R.M. It states it may be extended upon motion of H.R.M. and that violation of the order could result in the order being extended for the lifetime of J.L.C. These differences are significant.

The cases are not moot.

Affirmed.