NOT DESIGNATED FOR PUBLICATION

No. 127,978

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

$4,368 IN U.S. CURRENCY AND COIN,
(JOSEPH TALLIE),
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; RICHARD B. WALKER, judge. Submitted without oral argument. Opinion filed December 12, 2025. Appeal dismissed.

*Joseph N. Tallie*, appellant pro se.

*Reina Probert*, county attorney, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Joseph Tallie timely appeals the district court's decision to return to him the United States currency seized during the execution of a search warrant in his home, claiming the decision was insufficient to address his claims below and the new ones he raises on appeal. The State responds that the issue is moot because the district court ultimately ordered the money returned to Tallie. We agree with the State. Accordingly, we dismiss Tallie's appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2018, law enforcement officers obtained a warrant to search Tallie's home for marijuana and drug paraphernalia. While executing the search warrant, officers found large quantities of marijuana in a bedroom closet as well as a box containing approximately $4,368 in United States currency. Shortly thereafter, the State filed a notice of forfeiture, asserting the money should be forfeited as proceeds of unlawful drug activity under the Kansas Standard Asset Seizure and Forfeiture Act (KSASFA), K.S.A. 60-4101 et seq. For a variety of reasons, the case lay dormant for several years. In October 2021, the district court gave notice it intended to dismiss for lack of prosecution; however, the State failed to file a journal entry of default judgment. In September 2022, Tallie filed a motion requesting dismissal and reimbursement. Although the district court had previously given notice it intended to dismiss, it ultimately denied Tallie's motion and allowed the parties to proceed, finding neither was prejudiced by the delay.

Tallie subsequently filed a motion to suppress evidence, arguing the money was seized during an unlawful search. The district court denied his motion. The State presented its case-in-chief, and the district court found the State met its initial burden to show by a preponderance of the evidence the property was subject to forfeiture under the KSASFA. At Tallie's request, the district court granted him a continuance to present evidence to show he lawfully obtained the money.

At a subsequent hearing, Tallie testified and presented supporting exhibits reflecting he had received a check from Baker University in April 2018 for approximately $5,500 from student loans that exceeded his educational expenses. Tallie testified he cashed the check at a bank in Baldwin City in May 2018 and returned to Pittsburg with the cash following the end of the semester. Tallie testified his living expenses were minimal; at the time of the search, he was employed full-time and his income was sufficient to cover his expenses. Tallie asserted the marijuana was not his,

but he allowed another individual to store it in his home in exchange for giving Tallie access to some of the marijuana for personal use. Tallie's admission reflects the marijuana was in his home with his knowledge and he was receiving a benefit from it being there. Tallie explained he kept the money in cash because he had not decided whether to invest it or use it to cover educational expenses for the following academic year.

The district court took the matter under advisement and filed a written order, finding Tallie met his burden to show the money was not subject to forfeiture and ordering the money returned to him.

ANALYSIS

The KSASFA places the burden on the State to prove the property is subject to forfeiture and on Tallie to prove the property is exempt from forfeiture. See K.S.A. 2024 Supp. 60-4112(h). Thus, each party has a burden to meet and an obligation to pursue the party's respective claim in a timely manner, which was not done here by either party for various reasons.

Tallie now argues the district court erred in denying his motion to suppress the evidence seized under the search warrant. He further asserts the roughly six-year delay from the time the money was seized until the time it was returned violated his due process rights without presenting any evidence below how the delay affected his due process rights. The record reflects part of the delay was caused by Tallie in the way he chose to prosecute his claim for the return of his property. Before us, he fails to explain why we should address the due process issue for the first time on appeal. We decline to accept his request. See *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). We also decline to review Tallie's claim regarding his motion to suppress

3

as the end result would have been the same if his motion had been granted—the money would have been returned to him, which it ultimately was.

Tallie is effectively asking for a declaratory judgment or advisory opinion, which Kansas courts do not render. See *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). Tallie's assertion the issue is not moot because he could have invested the money in Bitcoin and realized a substantial profit if it had not been seized is speculative. Tallie testified he was unsure what he wanted to do with the money and was keeping the money in his home while he decided how to use it. Specifically, he was deciding whether to invest it in Bitcoin or the stock market but also considering using it for educational expenses the following school year. Moreover, in his motion to dismiss and reimburse, Tallie did not seek any damages for the delay in returning the money or raise any claim his due process rights were violated.

We decline to render an opinion on what *might* have happened if Tallie had pursued one of the multiple investment options he was allegedly considering at the time the money was seized. Finally, we observe that, had the State timely filed the journal entry of default judgment, Tallie would never have had the opportunity to present his evidence showing the money was lawfully obtained. In any event, the district court ordered the money be returned, and there is no dispute it was, in fact, returned. Any opinion on the legality of the search is also moot because the money simply would have been returned if the motion had been granted. We observe no ongoing case or controversy; thus, we dismiss Tallie's appeal as moot. See *State v. Roat*, 311 Kan. 581, 586, 466 P.3d 439 (2020).

Appeal dismissed.