IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,401

JANET S. KAELTER,
*Appellee*,

v.

STEVEN L. SOKOL,
*Appellant*,

and

In re Parentage of
BENJAMIN SARBEY SOKOL,
A Minor Child,
By His Mother JANET S. KAELTER,

v.

STEVEN L. SOKOL.

SYLLABUS BY THE COURT

1.

An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the court must dismiss the appeal.

2.

A final decision under K.S.A. 2013 Supp. 60-2102(a)(4) generally disposes of the entire merits of a case and leaves no further questions or the possibility of future directions or actions by the district court.

1

3.

The term "final decision" in K.S.A. 2013 Supp. 60-2102(a)(4) is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 3, 2013. Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed January 23, 2015. Judgment of the Court of Appeals affirming the district court is vacated. Appeal dismissed.

*Joseph W. Booth*, of Lenexa, argued the cause, and *Jennifer Benedict*, of Jennifer Benedict Law Office, L.L.C, of Independence, Missouri, was with him on the briefs for appellant.

*Ronald W. Nelson*, of Ronald W. Nelson, P.A., of Lenexa, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *In re T.S.W.*, 294 Kan. 423, 432, 276 P.3d 133 (2012). This is one of those instances.

We hold that the district court did not enter a final appealable order as required by K.S.A. 2013 Supp. 60-2102(a)(4) before this appeal was initiated. Therefore, the Court of Appeals lacked jurisdiction when it affirmed the district court. See *Kaelter v. Sokol*, No. 107,401, 2013 WL 1876444, at *8 (Kan. App. 2013) (unpublished opinion). For that same reason, the Court of Appeals lacked jurisdiction to enter an attorney fees award. The judgment of the Court of Appeals is vacated, and the appeal dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

This case began in early 2007 when Janet Kaelter sued her long-time boyfriend, Steven Sokol, seeking determinations of paternity, custody, and support; and an equitable division of the parties' jointly acquired assets. The parties have hotly contested these issues and others at every turn.

After Kaelter filed suit, the district court referred the matter to a special master, who made findings of fact and conclusions of law without conducting formal hearings. Over Sokol's objection, the district court adopted those findings and conclusions and entered judgment on the master's report without hearing evidence. The judgment included an order that Sokol pay Kaelter a sum representing the minor child's unreimbursed medical expenses. On the parties' motions for reconsideration, the district court entered additional orders, including its decision to make its own determination regarding the unreimbursed medical expenses.

Sokol appealed, arguing about the district court's refusal to hold an evidentiary hearing; the master's failure to conduct proceedings in accordance with K.S.A. 60-253 (setting out procedure for trial by special masters); and whether Sokol timely appealed based on whether various motions for reconsideration filed with the district court after each of its rulings tolled the time to appeal. The Court of Appeals held that Sokol failed to timely appeal portions of the judgment but could pursue one issue relating to the failure of the master to take an oath. The panel then affirmed the district court's order, ruling Sokol failed to exercise reasonable diligence to object when he first learned the master did not take an oath while the master was still working on the case. *Kaelter*, 2013 WL 1876444, at *8.

After the panel filed its opinion, it granted Kaelter's request for appellate costs and attorney fees under Supreme Court Rule 7.07(b) (2014 Kan. Ct. R. Annot. 70) (appellate court may award attorney fees for appellate services in cases in which district court had authority to award fees), citing K.S.A. 2013 Supp. 23-2216 (in parentage action, district court may award costs and attorney fees as justice and equity may require).

Sokol timely petitioned this court for review of the panel's decisions, which we granted. See K.S.A. 20-3018(b).

THE LACK OF APPELLATE JURISDICTION

The jurisdictional issue arises because the district court's written journal entry memorializing the additional orders, filed October 27, 2010, indicates the district court could not at that time "determine an appropriate division of past medical expenses" due to a lack of sufficient documentation. The journal entry further states the district court anticipated the filing of a future motion for those unreimbursed medical expenses and an exchange of information between the parties in the hope that a resolution could be reached. The record on appeal does not show the issue was ever resolved before Sokol initiated this appeal.

We issued a show cause order directing the parties to be prepared at oral argument to address whether the appeal was premature due to a lack of a final order addressing all the issues. See K.S.A. 2013 Supp. 60-2102(a)(4). As explained in our order, the record appeared to indicate the October 27, 2010, journal entry left open "an appropriate division of past medical expenses" due to a lack of sufficient documentation. At oral argument both parties confirmed the unreimbursed medical expenses issue remained outstanding at the time the notice of appeal was filed; and, in fact, was still outstanding at

4

the time of oral arguments. Both parties conceded appellate jurisdiction never existed to address the merits.

"Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute." *Flores Rentals, L.L.C. v. Flores*, 283 Kan. 476, 481, 153 P.3d 523 (2007). An appeal may be taken to the Court of Appeals as a matter of right from any "final decision." K.S.A. 2013 Supp. 60-2102(a)(4). A "final decision" generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court. The term "final decision" is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. *In re T.S.W.*, 294 Kan. at 433.

We hold that the district court did not enter a final decision, having left unresolved the unreimbursed medical expenses issue. Therefore, the Court of Appeals lacked jurisdiction. For that reason, the judgment of the Court of Appeals affirming the district court is vacated.

Applying the same rationale, we also vacate the panel's order awarding costs and attorney fees to Kaelter, which Sokol challenges in his briefing as an abuse of discretion. Under K.S.A. 2013 Supp. 23-2216, the decision to award attorney fees and the amount of those fees is within the discretion of the awarding court. The award is reviewed on appeal for abuse of discretion. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 169, 298 P.3d 1120 (2013). Abuse of discretion occurs when judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. 297 Kan. at 169. As explained above, the award was premised on an error of law, *i.e.*, the panel's mistaken determination that appellate jurisdiction existed.

5

Similarly, we deny Kaelter's pending motion for costs and attorney fees regarding the proceedings on review before this court because we lack jurisdiction.

This appeal is dismissed for lack of appellate jurisdiction.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 107,401 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals under the authority vested in the Supreme Court by K.S.A. 20-2616.