NOT DESIGNATED FOR PUBLICATION

No. 114,265

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AIDA OIL COMPANY, INC.,
*Appellant,*

and

LAURENCE M. JARVIS,
*Intervenor Appellant,*

v.

THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/
KANSAS CITY, KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed June 24, 2016. Appeal dismissed.

*John P. Biscanin*, of Kansas City, for appellant Aida Oil Company, Inc.

*Laurence M. Jarvis*, intervenor/appellant pro se.

*Caroline R. Gurney, Timothy P. Orrick* and *Paul G. Schepers*, of Orrick & Erskine, L.L.P., of Overland Park, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*: This case began almost 9 years ago as an eminent domain proceeding involving the condemnation by the Unified Government of Wyandotte County/Kansas City, Kansas (Wyandotte County) of certain real property owned by Aida

1

Oil Company, Inc. (Aida). The district court dismissed the appeal of the condemnation award for lack of prosecution. Laurence M. Jarvis, who was once counsel for Aida but now proceeds pro se, attempted to intervene in the eminent domain proceeding. The district court granted Jarvis' motion to intervene but also ruled that the right to appeal the condemnation award remained with Aida, not Jarvis personally. Aida and Jarvis appeal the district court's orders (1) dismissing the underlying eminent domain proceeding for lack of prosecution and (2) conditionally granting Jarvis' motion to intervene. For the reasons stated in this opinion, we dismiss the appeal.

The sparse record on appeal reflects the following procedural history:

1.      On August 20, 2007, Jarvis, as counsel for Aida, filed on Aida's behalf a notice of appeal in district court of the condemnation award in an eminent domain action that involved Wyandotte County condemning Aida's real property.

2.      Almost 6 years later, in July 2013, the district court dismissed the appeal for failure to prosecute.

3.      Nearly 2 years after that, in March 2015, Jarvis, as attorney for Aida, filed in district court a motion to set aside the dismissal and to substitute Jarvis personally for Aida as the real party in interest. The pleading asserted that Jarvis was the real party in interest because the owner of Aida had sold it to Mark Jarvis, Jarvis' brother, who had then sold it to Jarvis.

4.      On April 24, 2015, the district court held a hearing on the motion. Jarvis argued that the district court had erred by dismissing the eminent domain proceeding because the court had failed to properly notify Aida of the pending dismissal. In response to the argument and based on the fact that as of the time of the hearing Aida had received

2

proper notice, Wyandotte County made an oral motion to dismiss the eminent domain proceeding for lack of prosecution. The district court took the matter under advisement.

5.  On May 7, 2015, the district court filed an order entitled "Holding as to Motions." In the order, the district court (1) set aside the July 2013 dismissal for failure to properly notify Aida of the pending dismissal; (2) denied the motion to substitute Jarvis as plaintiff, holding that the right to appeal the condemnation award was not assignable and belonged to Aida; (3) granted the motion to dismiss that Wyandotte County had made orally at the hearing, citing failure to prosecute and the court's discretion to manage its docket; and (4) noted that Jarvis had been suspended from the practice of law, so the court would no longer accept pleadings from Jarvis on behalf of Aida.

6.  On June 4, 2015, Jarvis filed in the district court a pro se notice of appeal from the district court's May 7, 2015, order. Although this notice of appeal is included in the record, it has never been docketed with this court.

7.  Also on June 4, 2015, Jarvis filed in the district court a pro se motion to intervene and/or be substituted as a party, even though the underlying lawsuit already had been dismissed. In the motion, Jarvis argued again that he was the real party in interest because he owned 100 percent of Aida, so the district court should allow him to intervene.

8.  On June 8, 2015, John Biscanin filed an entry of appearance in the district court as counsel for Aida and filed a timely notice of appeal from the district court's order denying the motion to substitute Jarvis as a party "and all other adverse rulings rendered against Appellant." This notice of appeal has never been docketed with this court.

9.  On July 24, 2015, the district court held a hearing on Jarvis' motion to intervene and/or be substituted as a party, and the court took the matter under advisement.

10.     On July 28, 2015, the district court filed an order entitled "Holding as to Motion to Intervene." The order *granted* Jarvis' motion to intervene but reminded the parties of its prior ruling that the right to appeal the condemnation award remained with Aida, not Jarvis personally.

11.     On August 12, 2015, Jarvis filed a timely pro se notice of appeal from the district court's July 28, 2015, order. The notice stated that Jarvis was not appealing the granting of intervenor status; instead, he was appealing what he characterized as "adverse rulings"—the district court's reminder of its previous ruling regarding the right to pursue the condemnation award appeal. In addition, Jarvis' notice of appeal purported to appeal the earlier denial of the motion to substitute Jarvis as the real party in interest.

12.     Also on August 12, 2015, Jarvis docketed the instant appeal with this court. Jarvis attached his August 12, 2015, notice of appeal to the docketing statement. Aida did not file a notice of appeal from the district court's July 28, 2015, order, and Aida has made no attempt to docket a cross-appeal from the appeal docketed by Jarvis.

13.     On September 2, 2015, this court issued an order indicating that if Aida desired to have its interests protected in the appeal, it must be represented by licensed counsel. In response to the order, Biscanin entered his appearance for Aida.

14.     On October 1, 2015, this court issued a show cause order to all parties as to why the appeal should not be dismissed for lack of jurisdiction. Only Jarvis responded to this order. After receiving the response, this court retained the appeal but ordered all parties to brief the issue of jurisdiction. Jarvis, Aida, and Wyandotte County have filed briefs with this court. Only Jarvis briefed the issue of jurisdiction.

*Jurisdiction over Aida's issue on appeal*

The only substantive issue Aida raises in its brief is that the district court erred in dismissing the eminent domain proceeding for lack of prosecution. The district court

4

made this ruling on May 7, 2015. However, before we can address this substantive issue we must determine whether this court has subject matter jurisdiction over the appeal.

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013).

Aida argues that the district court erred in dismissing the case, but that argument is not properly before us in this appeal. Although Aida filed a timely notice of appeal from the district court's May 7, 2015, "Holding as to Motions," in which it challenged the denial of the motion to substitute and "all other adverse rulings," Aida concedes that it has never attempted to docket an appeal with this court. Nor did Aida file a notice of appeal from the July 28, 2015, "Holding as to Motion to Intervene"—the order which spawned the current appeal—or attempt to docket a cross-appeal from that order pursuant to Supreme Court Rule 2.04(a)(2) (2015 Kan. Ct. R. Annot. 15). Even if it had, such a notice of appeal or cross-appeal would have been untimely with respect to the order of dismissal on May 7, 2015. See K.S.A. 2015 Supp. 60-2103(a).

Although Aida has never docketed an appeal or cross-appeal with this court, Aida asserts that Jarvis filed his second notice of appeal—the one challenging the district court's July 28, 2015, order—"on his behalf and for Aida." But it would not have been permissible for Jarvis to file a notice of appeal on Aida's behalf. Generally, except where authorized by specific statute or court rule, such as in small claims proceedings,

5

"corporations can only be represented in Kansas courts by an attorney duly licensed to practice law in Kansas." *Atchison Homeless Shelters, Inc. v. Atchison County*, 24 Kan. App. 2d 454, 455, 946 P.2d 113, *rev. denied* 263 Kan. 885 (1997). We note that on May 1, 2015, our Supreme Court indefinitely suspended Jarvis from the practice of law in the State of Kansas. See *In re Jarvis*, 301 Kan. 881, 896, 349 P.3d 445 (2015). Therefore, by the time Jarvis filed his August 12, 2015, notice of appeal and docketed the appeal in our court, he could no longer legally represent Aida in court.

Without a properly docketed notice of appeal or cross-appeal, Aida cannot challenge the district court's May 7, 2015, ruling dismissing the eminent domain proceeding. Because Aida is not a proper appellant and has not complied with the procedural requirements to be a cross-appellant, its challenges to district court orders are not properly before us.

*Jurisdiction over Jarvis' issues on appeal*

Jarvis essentially raises two issues on appeal. First Jarvis attempts to appeal the district court's July 28, 2015, order conditionally granting his motion to intervene. Second, Jarvis attempts to appeal the district court's May 7, 2015, order dismissing the eminent domain proceeding for lack of prosecution. But before we can address these issues, we must determine whether this court has jurisdiction over the subject matter of the appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Frazier*, 296 Kan. at 743.

As Jarvis correctly points out, the denial of a motion to intervene is immediately appealable. See *Montoy v. State*, 278 Kan. 765, 765, 102 P.3d 1158 (2005). On July 28, 2015, the district court *granted* Jarvis' motion to intervene but reasserted its prior ruling that Jarvis was not the real party in interest to appeal Aida's condemnation award. The

6

crux of Jarvis' argument on appeal is that the district court's order was so restrictive that it effectively denied his motion to intervene; thereby making the order appealable.

Even if we accepted Jarvis' argument that the district court's July 28, 2015, order conditionally granting the motion to intervene is an appealable order, Jarvis fails to acknowledge that there is no longer a pending case in the district court in which he can intervene. Although Jarvis argues that the district court's dismissal of the case was erroneous, we lack jurisdiction to review the dismissal for the reasons stated above. As a result, whether the district court erred in conditionally granting the motion to intervene is a moot point. A case is moot when no justiciable controversy exists, where there are no "'adverse legal interests that are immediate, real, and amenable to conclusive relief.'" See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Here, there is no longer a pending case in district court in which Jarvis may intervene—that case has been dismissed and no party has properly appealed that dismissal to this court. Under the mootness doctrine, we decline to address the propriety of the district court's ruling on the post-dismissal motion to intervene. See *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996) (discussing general rule that an appellate court does not decide moot questions or render advisory opinions).

Jarvis also attempts to argue that the district court erred in dismissing the eminent domain proceeding on May 7, 2015. But we note that Jarvis' June 4, 2015, notice of appeal only addresses the denial of his motion to intervene and makes no mention of the district court's dismissal of the case. In any event, that notice of appeal has never been docketed with this court. Jarvis' August 12, 2015, notice of appeal, which is the only notice of appeal ever docketed with this court, is untimely as to the district court's dismissal order on May 7, 2015. See K.S.A. 2015 Supp. 60-2103(a). Thus, we lack jurisdiction to consider Jarvis' argument as to the district court's dismissal of the case.

7

In summary, because Aida (1) did not timely docket an appeal after the district court dismissed the case and (2) failed to properly pursue a cross-appeal so that it could attack in this appeal the district court's decisions, we may not consider its arguments. Moreover, because the notice of appeal underlying this appeal was untimely as to the dismissal of the eminent domain proceeding, we lack jurisdiction to consider Jarvis' challenge to the dismissal. Because the dismissal stands, Jarvis' arguments regarding the post-dismissal granting of the motion to intervene are moot.

Appeal dismissed.