NOT DESIGNATED FOR PUBLICATION

No. 117,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAURENCE M. JARVIS,
*Appellant,*

v.

RIC D. SUMMERS and CECILIA SUMMERS, et al.,
*Appellees.*


MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed June 29, 2018. Appeal dismissed.

*Laurence M. Jarvis*, appellant pro se.

*Paul M. Tancredi*, of Tancredi Law LLC, of Kansas City, Missouri, for appellees.

Before BUSER, P.J., PIERRON and LEBEN, JJ.


BUSER, J.:  This is an appeal by Laurence M. Jarvis regarding the district court's dismissal without prejudice of his lawsuit. Jarvis filed his lawsuit against Ric D. Summers seeking a judgment for money Jarvis invested in a failed car dealership and the breach of a joint venture agreement related to an Arabian colt named "Cameo Rose." Judge David J. King of the Leavenworth County District Court presided over the litigation. At the pretrial conference on December 28, 2016—16 months after the litigation began and only one month before the scheduled trial—the district court determined that both parties were substantially unprepared to participate in the pretrial

1

conference and dismissed the case without prejudice. See K.S.A. 2017 Supp. 60-216(f)(1)(B) and K.S.A. 2017 Supp. 60-237(b)(2)(A)(v).

Because the district court's dismissal without prejudice is not a final order, we hold our court has no jurisdiction to consider the issues Jarvis raises on appeal. Accordingly, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2015, Jarvis filed a complaint against Summers that requested a judgment against him for $503,000 from a failed investment and also damages for allegedly having "wrongfully sold, or otherwise transferred, or converted" Jarvis' property. Specifically, Jarvis claimed that he and Summers entered into a joint venture agreement in February 2006 and purchased an Arabian mare named "Psyche's Cameo" for breeding. According to Jarvis, this Arabian mare had two colts, but died giving birth to a third colt named "Cameo Rose." Jarvis alleged that Summers did not inform him of Cameo Rose's birth and subsequently sold the colt to a third party in violation of the joint venture agreement.

A case management conference was held on July 7, 2016. Subsequently, the district court issued an order which directed that all witness and exhibit lists should be filed by September 9, 2016, all discovery completed by November 4, 2016, and all pretrial motions filed by November 18, 2016. A pretrial conference was scheduled for December 28, 2016, with trial commencing on January 23, 2017.

After the case management conference, Jarvis filed an amended complaint adding Cecilia Summers and Prince Abdulaziz Bin Ibrahim al Bargash of Saudi Arabia as codefendants. He also requested a declaratory judgment regarding ownership of "Cameo Rose." Jarvis never served Prince al Bargash.

2

On December 20, 2016, Jarvis filed his pretrial questionnaire. In the questionnaire, Jarvis requested that Prince al Bargash be removed as a party and substituted with Prince Turki Bin Sultan Bin Saud al Saud because he believed Prince al Saud was in possession of Cameo Rose. One day before the pretrial conference, Jarvis also filed, after the court-ordered deadline, a motion to amend his complaint to seek punitive damages.

At the pretrial conference, the district judge listened to the parties' arguments and then stated:

> "Well, I want to address . . . the status of this case. According to the Case Management Order that I've just discussed and quoted from at length, the parties have completely failed in their obligation to the Court, and most importantly to one another, to exchange witness and exhibit lists.
>
> "The—the predicate for doing this in the time that it is contemplated in the Case Management Order is that the parties disclose the witnesses and exhibits at a time sufficiently in advance with the close of discovery that they're able—able to conduct discovery with reference to all disclosed witnesses and exhibits, including written discovery as well as decisions about taking depositions and the like.
>
> "Neither party filed witness and exhibit lists. Neither party complained one bit about the failure to do so. The Order specifically says if you don't list a witness and exhibit you can't . . . call the witness [or] offer the exhibit at trial."

The district court also addressed several pending motions. In particular, the court found that Jarvis had filed his motion to amend the complaint for punitive damages after the November 18, 2016 deadline and, therefore, denied the motion as untimely. The district court also denied Jarvis' request for permission to file an interlocutory appeal. In both oral and written findings, the district court ruled "that the parties were 'substantially unprepared to participate' in the pretrial conference and otherwise fulfill their respective obligations to one another and the court so that the matter could be tried as scheduled on January 23, 2017." The district court dismissed the case without prejudice "subject to

3

certain conditions for refiling." Jarvis did not refile the case, however, but instead appealed the district court's rulings to our court.

## APPELLATE JURISDICTION

On appeal, Jarvis contends the district court erred when it (1) denied his motion to amend his complaint, (2) dismissed his case without prejudice, and (3) denied certification of several deposition questions. In response, Summers counters that Jarvis' appeal should be dismissed because the district court's dismissal without prejudice does not constitute a final order and, therefore, our court does not have jurisdiction to consider it. Jarvis did not file a reply brief in opposition to Summers' jurisdictional argument. Because the jurisdictional argument raised by Summers is dispositive of this appeal, we will address it at the outset.

Whether our court has jurisdiction is a question of law subject to unlimited review. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on our court's own motion. See *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 2d 678, 686, 353 P.3d 455 (2015), *rev. denied* 303 Kan. 1078 (2016). When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Wiechman v. Huddleston*, 304 Kan. 80, 85, 370 P.3d 1194 (2016).

In Kansas, the right to appeal is entirely statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in a manner prescribed by K.S.A. 2017 Supp. 60-2102. In particular, K.S.A. 2017 Supp. 60-2102(a)(4) provides appellate jurisdiction over "[a] final decision in any action." Courts have defined a "'final decision'" as one that "generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court." *Kaelter*, 301 Kan. at 249-50.

4

In Kansas, "[a] trial court's order granting a motion for voluntary dismissal without prejudice is not a final order and, as such, an appellate court is without jurisdiction to consider an appeal of that order." *Bain v. Artzer*, 271 Kan. 578, Syl. ¶ 2, 25 P.3d 136 (2001); see *West v. Miller*, No. 109,103, 2013 WL 6726175, at *3 (Kan. App. 2013) (unpublished opinion).

Our court has, on two occasions, extended *Bain*'s holding and held:

> "[W]here a case has been involuntarily dismissed without prejudice, there will be appellate jurisdiction of such dismissal only where the plaintiff contends that he or she will suffer some real prejudice from the dismissal [because a] dismissal without prejudice contemplates by its very nature the possibility of refiling an action that is exactly or substantially the same as the action dismissed." *Cohen v. Battaglia*, 41 Kan. App. 2d 386, 390-01, 202 P.3d 87 (2009), *rev'd on other grounds* 296 Kan. 542, 293 P.3d 752 (2013).

See *Brown v. Kansas City Archdiocese*, No. 98,213, 2008 WL 624703, at *3 (Kan. App. 2008) (unpublished opinion). In *Brown*, this court further clarified: "[P]rejudice is found only when a second lawsuit may be barred by the statute of limitations." 2008 WL 624703, at *4.

Under the circumstances, we are convinced that we do not have jurisdiction to consider Jarvis' appeal because the district court's dismissal of the case without prejudice did not constitute a final order. Indeed, the conduct of the parties at the pretrial conference supports this conclusion. At that conference, Summers' counsel made clear that he believed the case was far from over with comments such as: "The deposition for Mr. Jarvis will occur after he refiles. Should we have a 'x' date to cutoff to make sure that that's to be done within [a certain time of the] refiling date?" Moreover, Jarvis indicated he understood the litigation was not final when he requested authorization to file an interlocutory appeal which was denied by the district court. See K.S.A. 2017 Supp. 60-2102(c). (We pause to note that if we considered the district court's involuntary dismissal

5

without prejudice as a final judgment, it would be akin to allowing the interlocutory appeal because the district court clearly allowed Jarvis to refile the lawsuit.)

Finally, as noted earlier, Jarvis did not file a reply brief to respond to Summers' jurisdictional argument which comprised a significant portion of the appellee's brief. As a result, Jarvis has waived this issue and any argument related to it. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (an issue not briefed by the appellant is deemed waived or abandoned).

We hold the district court's order dismissing the case without prejudice is not a final order and, as a result, our court is without jurisdiction to consider this appeal.

Appeal dismissed.