NOT DESIGNATED FOR PUBLICATION

No. 121,381

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY L. SYLVESTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed April 3, 2020.
Affirmed in part and dismissed in part.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM:  Henry L. Sylvester appeals his sentence upon his conviction of
sexual exploitation of a child. After granting a downward-durational departure, the
district court sentenced Sylvester to 24 months in prison. Sylvester contends the district
court abused its discretion by (1) refusing to make border-box findings and imposing a
nonprison sentence, (2) denying his request for a dispositional departure to probation, and
(3) failing to grant a greater durational departure.

1

Upon our review, we hold that we lack jurisdiction to review the district court's refusal to make border-box findings. Moreover, we hold the district court did not err by refusing to grant a dispositional departure or a greater durational departure. Accordingly, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2018, a coworker reported to police that he found child pornography on Sylvester's cellphone. After obtaining a warrant to search the cellphone, Detective James Pearman located two videos of nude adolescent females. Both videos were about 30 minutes in length and focused on the juveniles' breasts and pubic areas. The first video depicted three females under 14 years old who were completely nude and playing outside. The other video began with three juveniles outside in bathing suits and transitioned to a studio setting where one of the juveniles was completely nude in an apparent photo shoot.

Detective Pearman interviewed Sylvester, who admitted that he downloaded the videos and stored them on his cellphone. Sylvester described the videos as "naturism" videos which he watched because they were "interesting and beautiful." He explained that the videos sometimes sexually aroused him, and he had masturbated while watching them. Sylvester believed the females in the videos were about 13 years old.

The State charged Sylvester with two counts of sexual exploitation of a child, a severity level 5 felony. About four months after Sylvester was charged, he obtained a psychosexual evaluation. During the evaluation, Sylvester informed the examiner that he was the real victim and the truth was not told in this case. Sylvester did not believe that he was a sex offender, that he had committed any type of sex offense, that he needed treatment, or that treatment would help him.

Later, Sylvester entered into a plea agreement, in which he agreed to plead guilty to one count of sexual exploitation of a child. In exchange for Sylvester's guilty plea, the State agreed to dismiss the second count of sexual exploitation of a child. The State also agreed to recommend a prison sentence in the mid-number of the appropriate Kansas Sentencing Guidelines Act (KSGA) grid box. Under the agreement, Sylvester was able to argue for a lesser sentence.

At the plea hearing, the following colloquy occurred:

"THE COURT: Are you pleading guilty because you are in fact guilty of Count 1?

. . . .

"THE COURT: I'm sorry. I did not hear that.

"[SYLVESTER]: I know you didn't. I don't feel like I am guilty.

"THE COURT: Look, I don't want you to feel like you are being forced or rushed or anything like that. There is nothing about this that we need to go fast about.

"[SYLVESTER]: I will accept the guilty plea."

After additional discussion to insure that Sylvester wanted to plead guilty, the district court accepted Sylvester's plea and found him guilty.

A presentencing investigation report revealed that Sylvester had a criminal history score of I, placing him in a border box on the KSGA sentencing grid with a presumptive sentence of 31, 32, or 34 months imprisonment. For border-box sentences, the district court has the discretion to impose an optional nonprison sentence if it makes certain findings—often called border-box findings—about community safety interests and the availability and suitability of treatment programs. K.S.A. 2019 Supp. 21-6804(f), (q).

Before sentencing, Sylvester moved for a sentencing departure and/or a nonprison border-box sentence. Sylvester argued that he should receive probation or a durational

3

departure because: (1) he accepted responsibility for his crimes; (2) community programs existed to better promote his reformation and improve community safety; (3) he had no prior felony convictions; and (4) the psychosexual evaluation suggested he could be treated within the community and he agreed to participate in such treatment. Given these reasons, Sylvester asked the district court to make border-box findings or find that substantial and compelling reasons existed for a sentencing departure.

At sentencing, Sylvester additionally argued that probation was appropriate because he had a son in the community, is a veteran, and was sexually abused as a child. Sylvester also pointed out that he had alcohol abuse issues, had completed treatment twice, and would benefit from substance abuse treatment if placed on probation.

In response, the State argued for the imposition of a prison sentence, claiming that treatment would not help because Sylvester did not believe he was a sex offender or needed help. The State pointed out that Sylvester was intelligent, as revealed by a test placing his IQ level in the 92nd percentile. The State continued:

> "He knows what he's doing. He knows this is wrong and he's proactively going out and trying to circumvent the law to get to ultimately what he needs and to use it in the way that he tells law enforcement that he uses it, which is to become aroused and masturbate to it."

The State concluded that Sylvester was a public safety risk if released on probation.

The district court granted a durational departure and sentenced Sylvester to 24 months in prison, finding that he had a very limited criminal history, accepted responsibility by pleading guilty, and had lifetime accountability for his actions. The district court, however, refused to make border-box findings or grant a dispositional departure. The district court expressed its concern that community treatment programs

4

would not help Sylvester given his belief that he was not a sex offender and did not need treatment for his behavior. The district judge concluded that

> "with the alcohol problem and the issue of denial here I believe that a prison sanction, shortened, albeit, but, one, will help reinforce to you how wrong it is to view this material and to take an approach to it as you are. So that's part of what I believe is ultimately in the community's safety best interest is for that to happen."

Sylvester timely appeals his sentence.

ANAYLSIS

On appeal, Sylvester contends the district court abused its discretion by denying his request for probation or, alternatively, not granting a longer durational departure. Sylvester first claims the district court erred by failing to make border-box findings and imposing an optional nonprison sentence. Sylvester next argues that the district court erred by failing to find substantial and compelling reasons to depart dispositionally or to grant a greater durational departure.

*Jurisdiction*

Before considering the merits of Sylvester's arguments, we address whether our court has jurisdiction over his claims. Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). When the record discloses a lack of jurisdiction, we must dismiss the issue on appeal. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015).

An appellate court has jurisdiction over the appeal of any departure sentence under K.S.A. 2019 Supp. 21-6820(a), unless a more specific provision divests the court of jurisdiction. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). A defendant may,

therefore, appeal the grant of a downward departure that is less than or different than that requested and still complain the sentencing court did not depart enough. 299 Kan. at 908-09. As a result, we have jurisdiction over Sylvester's claim that the district court erred by refusing to grant a dispositional departure or a greater durational departure.

A specific provision in K.S.A. 2019 Supp. 21-6804(q), however, divests our court of jurisdiction over Sylvester's claim that the district court erred by failing to make border-box findings. Under K.S.A. 2019 Supp. 21-6804(f), when an offense is classified in a sentencing grid border box, a district court "may impose an optional nonprison sentence as provided in subsection (q)." K.S.A. 2019 Supp. 21-6804(q) provides that "[a]ny decision made by the court regarding the imposition of an optional nonprison sentence . . . shall not be subject to appeal." As a result, the district court's refusal to make border-box findings and grant an optional nonprison sentence is not subject to appeal even though the court granted a durational departure. See *State v. Stricklin*, No. 114,504, 2016 WL 5867239, at *2 (Kan. App. 2016) (unpublished opinion). Accordingly, we lack jurisdiction to review the district court's refusal to make border-box findings and dismiss this portion of Sylvester's appeal.

DISPOSITIONAL DEPARTURE OR GREATER DURATIONAL DEPARTURE

Sylvester argues that the district court abused its discretion by refusing to grant a dispositional departure to probation or a greater durational departure. Sylvester claims substantial and compelling reasons existed to warrant such a departure because he: (1) accepted responsibility for his crimes; (2) agreed to undergo sex offender treatment as a condition of probation; (3) lacked a significant criminal history; and (4) had a son, steady employment, military service, and was previously the victim of sexual abuse.

Our court reviews the extent of a district court's departure sentence for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action

6

constitutes an abuse of discretion if (1) no reasonable person could take the view of the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Sylvester bears the burden of showing it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Sylvester does not argue that the district court made a factual or legal error. Instead, Sylvester simply argues that no reasonable person would have denied his request for a dispositional departure or for a shorter prison term.

A sentencing court must impose a defendant's presumptive sentence, unless it "finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2019 Supp. 21-6815(a). A reason is substantial if it is real and of substance, as opposed to being imagined and ephemeral. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015). Reasons are compelling when the facts of the case force the court to abandon the status quo and impose an abnormal sentence. 302 Kan. at 250.

Under K.S.A. 2019 Supp. 21-6815(c), a district court may consider both mitigating and aggravating factors when determining whether substantial and compelling reasons exist for a departure sentence. Reasons which may justify a departure in one case may not justify a departure in every case. Instead, courts must review the crime and the departure factors as a whole to determine whether a departure is justified. 302 Kan. at 250.

Here, the record shows that the district court carefully considered Sylvester's proffered substantial and compelling reasons for a departure sentence when it chose to depart durationally to a 24-month prison sentence. The district court discussed its reasons supporting its imposition of a downward-durational departure: Sylvester had a limited criminal history, accepted responsibility by pleading guilty, and would be subject to lifetime accountability through postrelease supervision. But the district court determined

that these factors were not substantial and compelling reasons to further depart given Sylvester's stated opinion that he is not a sex offender and does not need treatment.

A reasonable person could agree with the district court's decision to deny Sylvester's request for a sentencing departure to probation or a lesser prison term. During his psychosexual evaluation and plea hearing, Sylvester indicated that he did not believe he was guilty of a sex offense. Sylvester also suggested that he did not need treatment and treatment would not help him. Moreover, Sylvester pointed out at sentencing that—despite twice completing treatment for alcoholism—he still struggles with alcohol abuse, which impairs his decision-making. As a result, the district court reasonably concluded that a 24-month prison sanction was needed to reinforce the wrongfulness of Sylvester's actions and to ensure the safety of the community.

We hold the district court did not abuse its discretion in refusing to grant Sylvester a dispositional departure or a greater durational departure.

Affirmed in part and dismissed in part.