NOT DESIGNATED FOR PUBLICATION

No. 122,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL SWINDELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed July 23, 2021. Affirmed in part and dismissed in part.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

BUSER, J.:  After Michael Swindell's conviction for possession of methamphetamine, the district court granted a dispositional departure and sentenced him to probation with an underlying prison term. After Swindell violated his probation, the district court revoked it without imposing any intermediate sanctions, which was permitted because the original sentence was a departure sentence.

On appeal, Swindell contends that at the time he was sentenced his criminal history score was improperly calculated. He asserts that if his criminal history score had

1

been calculated properly, probation would have been the presumptive sentence and the district court would not have been legally permitted to bypass intermediate sanctions. This issue dovetails with Swindell's second issue on appeal—that his probation was erroneously revoked.

Swindell has since been released from prison, however, and, as a result, his appeal of an illegal sentence is untimely. K.S.A. 2020 Supp. 22-3504(a) allows a court to "correct an illegal sentence at any time," but only "while the defendant is serving such sentence." Swindell's untimely appeal of his sentence precludes our court from considering the matter because we lack subject matter jurisdiction. Regarding Swindell's appeal of the district court's revocation of probation, the only basis Swindell proffers as error is that, because his sentence was illegal, revocation of his probation without imposition of intermediate sanctions was erroneous. Because we have no jurisdiction to review his claim of an illegal sentence, however, Swindell has failed to show that the district court abused its discretion by revoking the probation and imposing the underlying sentence. Accordingly, we affirm the appeal in part and dismiss in part.

FACTUAL AND PROCEDURAL BACKGROUND

Swindell pled no contest to one count of possession of methamphetamine in March 2018. The presentence investigation report stated that Swindell's criminal history score was B. This score was based, in part, on two 2013 convictions for attempted aggravated burglary under K.S.A. 2013 Supp. 21-5807(b). Both offenses were classified as adult person felonies.

Swindell was sentenced on May 11, 2018. With a criminal history score of B, Swindell's presumptive sentence was 32-34-36 months' imprisonment. However, the district court granted Swindell a dispositional departure to 12 months' probation with an underlying sentence of 36 months' imprisonment and 12 months' postrelease supervision.

The next month, on June 19, 2018, the State moved to revoke Swindell's probation alleging that he had failed to report for supervision since May 15, 2018, and he had not provided his probation officer with his current address. At the hearing, Swindell stipulated to the probation violations. As a result, the district court ruled that Swindell had violated his probation, revoked it, and ordered him to serve the underlying sentence. Swindell filed this appeal on October 4, 2019.

The State filed a Motion for Involuntary Dismissal with our court in May 2020. The State argued that Swindell's appeal was moot. The defense countered the mootness argument. Our court denied the motion, ruling that the primary issue on appeal was whether Swindell's sentence was illegal, and that the sentencing issue was justiciable.

On appeal, Swindell first contends that his sentence is illegal because his criminal history score was improperly calculated. In particular, Swindell asserts that his two prior 2013 convictions for attempted aggravated burglary should have been classified as nonperson felonies—rather than person felonies—which would have lowered his criminal history score from B to E.

Next, Swindell asserts the district court abused its discretion in revoking his probation. He acknowledges that the district court may bypass intermediate sanctions and revoke probation, as the court did here, when probation results from a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B). He argues, however, that if his criminal history score had been properly calculated as an E at the time of sentencing, he would not have sought a dispositional departure because probation would have been the presumptive sentence. As a result, Swindell contends the district court erred because it did not have a legal basis for revoking his probation without first imposing an intermediate sanction.

The State makes several arguments in response. First, that Swindell's appeal is untimely. Second, that our court should not reach the merits of the appeal because Swindell's release from prison has rendered the appeal moot. Finally, the State asserts that Swindell's criminal history score was properly calculated, hence, the revocation of probation without imposing intermediate sanctions was proper.

JURISDICTION

The first issue we must address is whether our court has subject matter jurisdiction to consider Swindell's appeal of his claimed illegal sentence. Whether jurisdiction exists is a question of law over which our court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, an appellate court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018); see *Kaelter v. Sokol*, 301 Kan. 247, Syl. ¶ 1, 340 P.3d 1210 (2015).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the time period fixed by statute, it must be dismissed unless an exception applies. K.S.A. 2020 Supp. 22-3608; 304 Kan. at 919.

Swindell filed his notice of appeal more than a year after sentencing. Because he did not appeal his dispositional departure sentence in a timely fashion, Swindell's time to appeal the sentence has expired. See K.S.A. 2018 Supp. 22-3608(c) (defendant shall have 14 days after the judgment of the district court to appeal). However, Swindell cites K.S.A. 22-3504(a) for the proposition that because he is raising an illegal sentence claim,

4

he may raise it at any time because subsection (a) grants an exception to the general rule that untimely appeals must be dismissed.

At the time of Swindell's sentencing, K.S.A. 2018 Supp. 22-3504(a) provided that "[t]he court may correct an illegal sentence at any time." Later, however, the Legislature amended the statute, and it now provides: "The court may correct an illegal sentence at any time *while the defendant is serving such sentence.*" (Emphasis added.) L. 2019, ch. 59, § 15; K.S.A. 2020 Supp. 22-3504(a). As noted earlier, Swindell is no longer serving his prison sentence.

Importantly, the 2019 amendment found in K.S.A. 2019 Supp. 22-3504(a) became effective on May 23, 2019, before the district court revoked Swindell's probation and Swindell filed this appeal. While the State cites to the amended statute in support of the dismissal of the appeal, neither Swindell nor the State addresses whether the amended version of the statute applies to the circumstances of this appeal.

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019); *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

In enacting the 2019 amendment, the Legislature specified that the amendment was "procedural in nature and shall be construed and applied retroactively." K.S.A. 2019 Supp. 22-3504(d). The Kansas Supreme Court has already held that the amended statute "applies only to situations in which the defendant has not yet filed a motion before the

operative date of the amendment." *State v. Roat*, 311 Kan. 581, 602, 466 P.3d 439 (2020). In this case, Swindell did not raise the illegal sentence issue until he filed his appellant's brief on February 11, 2020—*after* the operative date of the amendment on May 23, 2019.

In summary, Swindell did not file a direct appeal of his criminal history score or sentence. Although Kansas statutes generally permit a defendant to file a motion to correct illegal sentence at any time, a Kansas court is only given authority to correct an illegal sentence "while the defendant is serving such sentence." See K.S.A. 2020 Supp. 22-3504(a). Here, Swindell is no longer serving the sentence which he claims is illegal. As a result, under K.S.A. 2020 Supp. 22-3504(a) and (d) our court does not have jurisdiction to review this issue. Accordingly, Swindell's claim of an illegal sentence which he makes for the first time on appeal is dismissed.

PROBATION REVOCATION

Predicated on his claim that his sentence was illegal, Swindell raises a second issue that if his criminal history score had been properly calculated, he would have been sentenced to a presumptive probation, thus obviating the need for a dispositional departure sentence. Assuming Swindell had been sentenced to presumptive probation, upon his probation violations the district court would have been required to impose an intermediate sanction rather than outright revocation of his probation, as occurred in this case. See K.S.A. 2019 Supp. 22-3716(c)(7)(b). Swindell claims the district court abused its discretion by making an error of law when it bypassed intermediate sanctions in violation of K.S.A. 2019 Supp. 22-3716(c)(1) and revoked his probation.

As Swindell candidly concedes, the only basis for his claim of error in the district court's revocation of probation is if our court finds that the district court sentenced him to an illegal sentence based on an erroneous calculation of his criminal history score. As we have just held, however, we have no jurisdiction to consider Swindell's illegal sentence

6

claim. Accordingly, we find no legal or factual basis to reverse the district court's use of judicial discretion in revoking Swindell's probation.

The district court's revocation of probation and imposition of sentence is affirmed. Swindell's claim of an illegal sentence is dismissed.

Affirmed in part and dismissed in part.