NOT DESIGNATED FOR PUBLICATION

No. 127,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

D.M.R.,
*Appellee*,

v.

B.R.S.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed July 25, 2025. Appeal dismissed.


*B.R.S.*, appellant pro se.


*C. Charles Ault-Duell*, of CAD Law, LC, of Salina, for appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


PER CURIAM: When neighbors disagree, they both suffer. Here, neighbors D.R. and B.R.S. each filed petitions for protection from stalking orders against one another. The district court held a consolidated hearing on both cases and determined each party was entitled to a protection from stalking order against the other. B.R.S. timely appeals only the district court's protection from stalking order against him and in favor of D.R. After careful review, we find we do not have jurisdiction over the majority of the issues raised by B.R.S. We further find B.R.S. failed to properly brief the remaining point and deem it waived or abandoned. Therefore, we must dismiss the appeal.

1

In August 2023, D.R. filed a petition for protection from stalking, sexual assault, or human trafficking order on behalf of herself and her minor child against her neighbor, B.R.S. In her petition, D.R. asserted she bought her house in September 2022 and had numerous uncomfortable interactions with B.R.S. since then. D.R.'s petition listed several specific incidents with B.R.S. from August 2022 to August 2023. D.R. asked the district court to issue an ex parte temporary order of protection and final order of protection in her favor against B.R.S.

B.R.S. also filed a petition for protection from stalking, sexual assault, or human trafficking order against D.R., but his petition is not in the record on appeal. The district court set both cases for hearing at the same time, declined to enter temporary orders, and scheduled the matters for hearing.

At the combined hearing, each party presented evidence. The district court determined both were entitled to a protection from stalking order against the other. The only order in the record is the order in favor of D.R. and against B.R.S., which was effective until October 31, 2024. Shortly after the district court issued the order, B.R.S. filed a motion to correct/modify protection from stalking order, essentially claiming the district court's protection order issued against him and in favor of D.R. was not specific as to what was discussed at the hearing.

After B.R.S. appealed, he filed another unnamed motion, and the district court noted it lacked jurisdiction with his pending appeal. D.R. moved to strike B.R.S.'s brief for failure to comply with Supreme Court Rules and for involuntary dismissal and fees. D.R. also submitted an amended protection from stalking order in her favor, extending the order until October 31, 2025. In granting the extended order, the district court explained B.R.S. had violated the protection order; B.R.S. was required to pay court costs

associated with that hearing; and if B.R.S. violated the order again, the district court would consider awarding attorney fees in favor of D.R. Our motions panel of this court denied D.R.'s motion to strike and for involuntary dismissal and fees.

ANALYSIS

B.R.S. raises four issues on appeal: (1) The district judge was biased and prejudiced against B.R.S. and should have recused from the case; (2) the district court erred in failing to issue a temporary order of protection from stalking in favor of B.R.S. before conducting a hearing on the issue; (3) D.R. failed to present sufficient evidence to support her petition for protection from stalking order against B.R.S.; and (4) the district court erred in failing to include all the terms of the protection order pronounced from the bench in its written order. B.R.S. now seeks remand to the district court for rehearing before another judge. D.R. asks us to sanction B.R.S. by striking his brief, finding the appeal frivolous, and ordering B.R.S. to pay D.R.'s attorney fees and costs associated with defending the appeal.

*Jurisdiction*

Three of B.R.S.'s claims—the district judge should have recused himself, the judge failed to issue a temporary restraining order before holding a hearing, and the district court failed to include all of the terms in the written protection order—relate to a different case, DK-2023-DM-000128, which was not included in B.R.S.'s notice of appeal. We therefore lack jurisdiction to address these claims. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106 (2013) (appellate court has "a duty to question jurisdiction on [its] own initiative and, when the record discloses a lack of jurisdiction, [the appellate court has] a duty to dismiss the appeal"); *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 637, 270 P.3d 1074 (2011) ("'It is a fundamental proposition of Kansas appellate procedure that an

3

appellate court only obtains jurisdiction over the rulings identified in the notice of appeal.'").

*Failure to Follow Supreme Court Rules*

The only issue properly before us is B.R.S.'s claim that there was insufficient evidence presented to support D.S.'s petition for protection from stalking order.

Pro se pleadings are to be liberally construed, though pro se litigants must still follow procedural rules. In fact, a pro se litigant in a civil case must follow the same procedural rules as a litigant represented by counsel. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022).

Supreme Court Rule 6.02(a)(4) specifically states: "The facts included in the statement [of facts] must be keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." 2025 Kan. S. Ct. R. at 36.

Rule 6.02(a)(5) explains: "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." 2025 Kan. S. Ct. R. at 36. Failure to comply with Rule 6.02(a)(5) "risk[s] a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court has warned litigants Rule 6.02(a)(5) would be "strictly enforced." *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

While we liberally construe B.R.S.'s arguments on appeal, he is not exempt from following Rule 6.02(a)(4) or (a)(5) because he briefed the issue pro se. See *Joritz*, 61 Kan. App. 2d at 498. The entirety of B.R.S.'s brief contains three citations to the record

on appeal, and they fail to support his arguments. Under Rule 6.02(a)(4), we presume B.R.S.'s statements are unsupported by the record.

Next, B.R.S. failed to provide any standard of review for the issue raised on appeal and failed to provide pinpoint references to the record showing where the issue was raised and ruled on before the district court. B.R.S. provides no explanation why the issue is properly before us. See Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). B.R.S. improperly and inadequately briefed the issue raised on appeal and, therefore, his arguments are deemed waived and abandoned. See *Godfrey*, 301 Kan. at 1043-44; *Williams*, 298 Kan. at 1085.

*Attorney Fees*

D.R. asks us to order B.R.S. to pay her attorney fees and costs associated with defending the appeal under Supreme Court Rule 5.05(a) and 5.05(c) (2025 Kan. S. Ct. R. at 33). Rule 5.05(a) states: "An appellate court may dismiss an appeal due to a substantial failure to comply with these rules or for any other reason requiring dismissal by law: (1) on a motion of a party with at least 14 days' notice to the appellant." 2025 Kan. S. Ct. R. at 33. An appellate court has discretion to dismiss a case under Rule 5.05. *In re Matter of Zahradnik's Estate*, 6 Kan. App. 2d 84, 89, 626 P.2d 1211 (1981). Here, B.R.S. substantially failed to comply with Rules 6.05(a)(4) and (a)(5).

Rule 5.05(c) explains:

"When an appeal is dismissed under this rule, the court on motion and reasonable notice may assess against the appellant the costs and expenses incurred by the appellee before the dismissal date that would have been assessed against the appellant if the case

5

had not been dismissed and the judgment or order had been affirmed." 2025 Kan. S. Ct. R. at 33.

Before D.R. filed her brief on appeal, she moved to strike B.R.S.'s brief and for involuntary dismissal and attorney fees, providing B.R.S. with reasonable notice D.R. sought her costs and expenses incurred from the appeal before the dismissal date. But D.R. failed to state what those costs and expenses amounted to or even provide an estimate. It is unclear what costs and expenses "would have been assessed against the appellant if the case had not been dismissed and the judgment or order [was] affirmed." Rule 5.05(c).

The only caselaw discussing Rule 5.05(c), *Tharrett v. Everett*, No. 125,999, 2024 WL 1954298, at *6 (Kan. App.) (unpublished opinion), *rev. granted* 319 Kan. 836 (2024), also addresses a request for attorney fees under Supreme Court Rule 7.07(c) (2025 Kan. S. Ct. R. at 52) if the appeal is frivolous or taken "for the purpose of harassment or delay." D.R. did not cite Rule 7.07 in her motion for involuntary dismissal or in her brief. And, in *Tharrett*, the parties had asked for a specific amount of costs and attorney fees. 2024 WL 1954298, at *6.

Rule 7.07(b)(2) explicitly states the party seeking attorney fees must file an affidavit discussing the "nature and extent of the services rendered," "the time expended on the appeal," and "the factors considered in determining the reasonableness of the fee." 2025 Kan. S. Ct. R. at 52. D.R. did not present the required information and failed to meet her "burden of providing a record on which this court may meaningfully assess" her request for attorney fees and expenses. See *Doan Family Corp. v. Arnberger*, 62 Kan. App. 2d 769, 786, 522 P.3d 364 (2022). In D.R.'s response to our show cause order, she asks us to "rule on the attorney's fees issue reserved by previous motion and in the Appellee's Brief, or at least reserve jurisdiction for the parties to present argument on that

6

point if the Court decides to dismiss the appeal as moot." We do not dismiss the appeal as moot, and D.R. should have filed a motion and affidavit under Rule 7.07(b)(2).

Our Supreme Court has also held an appellate court lacks jurisdiction to consider a request for appellate costs and attorney fees—from either the appellant or the appellee— when the appeal is dismissed for lack of jurisdiction. *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015); *In re X.L.*, 63 Kan. App. 2d 853, 867, 540 P.3d 369 (2023) (following *Kaelter*). Three of the issues B.R.S. raised relate to the companion case, over which we do not have jurisdiction. Thus, D.R. would not be entitled to appellate costs and attorney fees related to defending those three issues. And D.R. did not properly comply with Rule 7.07(b)(2) in seeking attorney fees in relation to the remaining issue. We deny D.R.'s request for appellate attorney fees and expenses.

Appeal dismissed.